330 So.2d 770 (1976)
The SCHOOL BOARD OF MARION COUNTY, Florida, Petitioner,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, Respondent.
No. Y-398.
District Court of Appeal of Florida, First District.
April 13, 1976.
Rehearing Denied May 18, 1976.
*772 John P. McKeever, Pattillo, MacKay & McKeever, Ocala, for petitioner.
Curtis L. Mack, Tallahassee, for respondent.
BOYER, Chief Judge.
The instant action involves the interpretation of certain provisions of the Public Employees Relations Act (PERA), Chapter 447, Florida Statutes. The specific issue is whether the Public Employees Relations Commission (PERC) acted properly in determining whether certain employees were "managerial and/or confidential" and thus not public employees entitled to the right of collective bargaining.
The proceedings began when the Marion Education Association (an employee organization registered with PERC as a bargaining agent) filed a "Recognition-Certification Petition" pursuant to Rule 8H-2.5, FAC, wherein it was alleged that The School Board of Marion County (Petitioner in this proceeding) had voluntarily recognized the association as bargaining agent for certain of the School Board's employees. The "Recognition-Certification Petition" specifically defined the bargaining unit for which recognition was sought, that unit having been determined appropriate by both the Marion Education Association and the School Board. Within five days of the filing of the "Recognition-Certification Petition" by the Association, the School Board filed a "Petition for Determination of Managerial and Confidential Employees" pursuant to Rule 8H-2.10, FAC,[1] requesting a determination that some 61 positions in the Marion County School System be designated as "managerial" and therefore exempt from operation of Chapter 447, Florida Statutes. None of the alleged "managerial" employees were in the bargaining unit defined in the association's pending "Recognition-Certification Petition". PERC considered both petitioner's petition as well as the Association's petition at its March 28, 1975 meeting.
PERC's conclusions are embodied in two separate orders. In its order of April 9, 1975, it certified the bargaining unit recognized by the School Board, but included in that unit certain positions (five in number) found in the School Board's petition for determination of managerial and confidential employees and which had not been included in the unit originally agreed upon by the Marion Education Association and *773 the School Board. The second order, which is dated April 22, 1975, designated as managerial six of the 61 positions identified by the School Board as managerial but denied managerial classification to the remaining 55 positions. Petitioner (the School Board) has filed a petition for writ of certiorari directed to the latter order but has chosen not to contest the former order.
As a threshold matter, petitioner argues that PERC did not have jurisdiction to enter its April 22, 1975 order which purports to classify employees as "managerial" or "non-managerial" where no question of collective bargaining by the employees so classified was properly before respondent. We initially look to Chapter 447, Florida Statutes, in order to determine what authority PERC has to designate employees as managerial or confidential. Clearly, it must, at some point, make such a determination. The provisions of PERA apply only to public employees. (F.S. 447.03, 447.201) According to F.S. 447.203(3), "`public employee' means any person employed by a public employer except: ... (d) Those persons who are designated as managerial or confidential employees pursuant to criteria contained herein upon application of the public employer to the public employees relations commission." (Emphasis added) Unfortunately, the legislature did not specify in Chapter 447 the precise moment in the collective bargaining process at which the "Managerial-Confidential Employee Petition" was to be presented to PERC.
Stepping into the breach made by the legislative draftsmen, PERC promulgated Rule 8H-2.10, FAC, which applies solely to instances where the employee organization and the public employer agree as to the appropriateness of the bargaining unit and where the employee organization petitions PERC for certification. See F.S. 447.307(1).[2] Where the public employer refuses to recognize the employee organization, a different procedure is required. (F.S. 447.307(2)) PERC has not formulated the equivalent of 8H-2.10 in situations where a petition is filed pursuant to F.S. 447.307(2), apparently feeling that F.S. 447.307(3) adequately describes the proper procedure. Essentially, PERC's position is that F.S. 447.203(3)(d) implicitly mandates that it do more than merely approve or reject a proposed bargaining unit in considering voluntary recognition petitions.
The pertinent statutory provisions fail to support PERC's argument. In unmistakable terms, F.S. 447.307(1) states, "The commission shall review only the appropriateness of the unit proposed by the employee organization. If the unit is appropriate according to the criteria used in this part, the commission shall immediately certify the employee organization as the exclusive representative of all employees in the unit." The foregoing language does not permit PERC to enlarge, reduce, or redefine a bargaining unit which has been agreed upon by an employee organization and a public employer. (See City of Titusville v. Florida Public Employee's Relations Commission, et al., Fla.App.1st 1976, 330 So.2d 733, Opinion filed March 26, 1976.)
It is helpful to contrast the wording of F.S. 447.307(1) with that of F.S. 447.307(3), *774 which is applicable to non-voluntary certification petitions described in F.S. 447.307(2).[3] According to F.S. 447.307(3)(a)1., once PERC finds that the "petition" is sufficient, it shall immediately define the proposed bargaining unit. Had the legislature intended PERC to have the authority to define or alter the proposed bargaining unit in voluntary recognition situations, it would have so stated. To the contrary, however, the legislature desired PERC to review "only the appropriateness of the unit proposed by the employee organization," in considering a voluntary recognition petition.
PERC claims that illogical and disastrous results will ensue if its authority regarding certification of bargaining units pursuant to 447.307(1) is reduced to either approval or disapproval. The most obvious response to such a parade of horribles is that it is not for respondent any more than it is for this Court, to rewrite a statutory scheme. Where the legislature has clearly expressed itself, the courts are without authority to alter the expression of legislative will. Moreover, the purported "parade of horribles" should not necessarily come to pass. Hopefully, in any order which concludes that the proposed bargaining unit is inappropriate, PERC will notify the parties in what respect the unit is deficient. (See City of Titusville v. Florida Public Employees Relations Commission, supra) The parties may then either incorporate PERC's findings in a new proposed bargaining unit, or if no agreement is possible, may proceed under the election provisions of F.S. 447.307(2) and permit PERC to define the proposed bargaining unit under F.S. 447.307(3)(a)1.
PERC further urges that the School Board is estopped from urging objections to PERC's jurisdiction to make managerial/confidential determinations because the School Board voluntarily requested a ruling by PERC by filing a Managerial/Confidential Petition and subsequently failed to appear at the hearing regarding the petition. Generally, when a party subjects itself to the jurisdiction of an agency, it places itself in an untenable position when it subsequently objects to the jurisdiction of the agency whose aid it originally and voluntarily sought. (Ganaway v. Henderson, Fla.App.1st 1958, 103 So.2d 693) However, in the instant case, we cannot say that petitioner's Managerial/Confidential Petition was filed "voluntarily". PERC had held in a previous order that failure to comply with Rule 8H-2.10, FAC, in filing a Managerial/Confidential Petition constitutes a waiver of the right to subsequently raise the managerial/confidential issue. (Northwest Florida Police Benevolent Ass'n., Inc. and Panama City, Order No. 75-181 (May 5, 1975))[4] Petitioner, therefore, had little choice but to file a Managerial/Confidential Petition in order to preserve its right to raise the issue. Petitioner should not now be penalized for taking an action which a prior order of respondent forced it to take.
Although we find that PERC had no authority to alter the unit and certify it as changed, as it did by its order of April 9, 1975, review of that order has not been sought and is therefore not affected by our decision in this case. However, the "managerial/confidential" order dated April 22, 1975 was appealed. We hold that for the reasons herein recited, *775 that order was entered without authority and is therefore reversed. Further, Rule 8H-2.10 exceeds the statutory authority pursuant to which it was purportedly promulgated (F.S. 447.307(1)) and is therefore invalid.
Our resolution of the propriety of the April 22, 1975 order renders it unnecessary for us to resolve the remaining issues raised by the parties.[5] There are, however, two other aspects of this case which merit comment. First Rule 8H-2.10, FAC, which has been extensively discussed above and held invalid, appears to be deficient in an additional respect. We are concerned that the rule, which embodies the procedure by which certain State employees are excluded from the collective bargaining process by their designation as confidential or managerial, purports to do so without affording the affected employees minimal due process protection. The right of an employee to participate in collective bargaining is an important one, whether it be considered fundamental (see NLRB v. Jones and Laughtlin Steel Corporation, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937)), constitutional (see Section 6, Art. 1, Constitution of the State of Florida), or statutory in nature (see Chapter 447, Florida Statutes). Any rule which permits the exclusion of employees from the collective bargaining process should, at some point, give to the affected employees or their representative the opportunity to contest their designation as managerial and/or confidential.
Another troublesome aspect of the case lies in PERC's "recognition-certification" order of April 9, 1975, whereby it determined to certify the bargaining unit agreed upon by petitioner and the Marion Education Association, but included in that unit five additional positions listed in the School Board's petition for determination of managerial/confidential employees. Because that order has not been challenged, we are unable (as already recited) to directly consider it. However, we do note that the inclusion of the additional employees in the unit was clearly beyond PERC's authority.
The writ of certiorari is granted and respondent's order of April 22, 1975 is reversed, and the cause remanded for further proceedings consistent with this opinion.
SACK, MARTIN, Associate Judge, concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
The majority equates the Commission's lawful determination of the School Board's petition for managerial and confidential employee designations with a prohibited reidentification of the bargaining unit agreed on by the School Board and Marion Education Association, the employee organization. The Court has therefore vacated, not simply as erroneously decided but as void for lack of power, a ruling made by the Commission in response to a School Board petition which explicitly sought determination of an essential matter committed to the Commission by § 447.203(3)(d), F.S. 1975. Commission Rule 8H-2.10, Fla.Adm.Code, which advances the purposes of §§ 447.203(3)(d) and 447.307(1), and which has survived legislative scrutiny under § 447.607,`[1] is also a casualty of the majority decision.
*776 Florida's Public Employee Relations Act, ch. 74-100, Fla.Laws, implemented the constitutionally-secured right of public employees to bargain collectively[2] by establishing two approaches to the certification of employee organizations: the public employer and employee organization may agree on the constituency of an employee bargaining unit and on the organization's representation, whereupon the Commission "review[s] only the appropriateness of the unit proposed ...," § 447.307(1), F.S.; or, absent voluntary recognition, an employee organization having requisite support of employees in the proposed unit may petition the Commission to define the unit, identify the public employer and order an election, § 447.307(2), (3).
In considering the appropriateness of a proposed bargaining unit described in a petition for certification, whether the employer has voluntarily recognized an organization or not, the Commission's duty is to evaluate the proposed unit by criteria listed in § 447.307(4), F.S., which include principles of efficient administration, the number of representatives and bargaining units with which the employer might have to negotiate, the community of interest among employees in the proposed unit, and the like. It seems clear, therefore, that the legislature charged the Commission with responsibility for the proper formulation of employee bargaining units in the public sector regardless of any agreements that may be struck by particular employers and employee organizations.[3]
We have held that the Commission cannot unilaterally reconstitute the membership of a proposed unit when a petition for certification follows voluntary recognition of an organization under § 447.307(1); City of Titusville v. Florida Pub. Empl. Rel. Com., 330 So.2d 733, (Fla.App. 1st, 1976). That stricture assures that a relationship voluntarily assumed by an employer, its employees and their organization will not without their consent be materially transformed by the Commission. The Commission may either disapprove the proposed unit, if it is fundamentally unacceptable, or notify the parties wherein the unit is inappropriately defined and await an amended submission after notice to affected employees.[4] See McGuire, supra n. 3, 1 FSU L.Rev. at 69, n. 213. Thus, although § 447.307(1) protects the integrity of voluntary agreements, the Commission retains power to define, directly or indirectly, all bargaining units.
It is inevitable that any Commission investigation of the appropriateness of a proposed unit will inquire whether employees have been included in the unit despite their conflicts of interest with others and whether employees have been excluded notwithstanding *777 their community of interest with those included. Sec. 447.307(4)(c), (f), F.S. The proposed bargaining unit may be found to include "managerial" or "confidential" employees, who plainly are excluded from labor's side of the bargaining table. Sec. 447.203(3)(d), (4), (5), F.S. Similarly, the agreed-upon unit may be found to exclude, as managerial or confidential, classifications of employees who plainly do not stand in that relation to the employer. Regardless of such agreements, the Commission has power and the duty to prevent purposeful or inadvertent abuses of the Act.
Rule 8H-2.10, Fla.Adm.Code, permits the employer to petition for a Commission determination of managerial and confidential employees coincidentally with the organization's filing of a certification petition following voluntary recognition. The Commission has thereby recognized that its determination of the appropriateness of a proposed unit may impinge the statutory initiative granted to public employers in the identification of managerial and confidential employees:
"(3) `Public employee' means any person employed by a public employer except:
......
"(d) Those persons who are designated as managerial or confidential employees pursuant to criteria contained herein upon application of the public employer to the public employees relations commission." Sec. 447.203(3), F.S. 1975 (Emphasis added).
The Rule simply anticipates that in a voluntary recognition situation the commission will take care that no managerial or confidential employees are inadvertently included in the proposed unit and invites the public employer to participate in the process by timely identifying its employees considered to be managerial or confidential. The Rule does not imply that such an employer petition will be received only when there is also pending a question of certification; the Rule does not forbid an employer from seeking Commission approval of its concepts of managerial and confidential positions whenever such a determination may be useful; the Rule simply identifies one occasion on which the Commission will surely be concerned with the subject and invites the employer, whose views might not otherwise be made known, to participate in the determination as contemplated by Sec. 447.203(3)(d), F.S.
In this case, the School Board responded to the invitation of the Rule by submitting data identifying 61 employee job classifications, involving 350 employees, as managerial or confidential. The School Board thus petitioned for a determination that would exclude those employees from the proposed bargaining unit, consisting principally of classroom teachers, and from all other units which might later be formed of School Board employees.[5] Taking a more restrictive view of the matter, the Commission determined that six of the employee classifications described by the Board are in fact of a managerial or confidential nature, that five have a community of interest with the classroom teachers classification predominating in the proposed bargaining unit and should therefore be included in the unit, and that the remaining fifty employee classifications, though not kindred to the proposed bargaining unit, should be made eligible to bargain collectively rather than classified managerial or confidential.
As the majority indicate, the Commission acted irregularly when it unilaterally *778 placed in the proposed unit five employee classifications for which the Board sought managerial status. Sec. 447.307(1), F.S. The Board thus impermissibly abrogated the agreement between employer and employee organization and bypassed the beneficial provisions of its own Rules, including Rule 8H-2.04, supra n. 4, requiring notice to affected employees of the constituency of the proposed unit. But that error in the Commission's unappealed order certifying Marion Education Association as representative of the revised bargaining unit does not vitiate either Rule 8H-2.10, pertaining to the determination of managerial and confidential employees on petition by an employer, or the Commission's determination that fifty-five of the sixty-one classifications described by the School Board are neither managerial nor confidential.
Finding no basis for the majority's sweeping invalidation of the Commission's Rule and proceedings, I would reach and decide the merits of the School Board's contention that the Commission applied inappropriate standards to identify managerial and confidential personnel among the Board's employees.
NOTES
[1] Rule 8H-2.10 provides: "Determination of managerial or confidential employee. Whenever a public employer recognizes an employee organization pursuant to Part 2 of the rules and regulations of the commission, the public employer may file a petition with the commission seeking a designation of managerial and confidential employee classifications. Such petition shall be filed within five (5) days after the service of the recognition-certification petition and shall contain a list of all classifications to be excluded, and the facts necessary to make a finding that they are managerial or confidential employees excluded under the act."
[2] "Any employee organization which is designated or selected by a majority of public employees in an appropriate unit as their representative for purposes of collective bargaining shall request recognition by the public employer. The public employer shall, if satisfied as to the majority status of the employee organization and the appropriateness of the proposed unit, recognize the employee organization as the collective bargaining representative of the employees in the designated unit. Upon recognition by a public employer, the employee organization shall immediately petition the commission for certification. The commission shall review only the appropriateness of the unit proposed by the employee organization. If the unit is appropriate according to the criteria used in this part, the commission shall immediately certify the employee organization as the exclusive representative of all the employees in the unit."
[3] While there is no express provision in F.S. 447.307(3) stating that its provisions apply exclusively to F.S. 447.307(2), the sections detailing the method of election of an employee organization clearly indicate that 447.307(3) does exclusively apply to F.S. 447.307(2).
[4] In its Order No. 75-181, dated May 5, 1975, respondent ruled that Panama City's Application for Determination of Managerial and Confidential Status of Employees, filed on April 10, 1975, was untimely and should have been filed on or before the date of the hearing (March 26, 1975) at which a hearing officer heard evidence concerning the appropriateness of the proposed bargaining unit.
[5] The parties discussed two other issues, to wit: (1) Whether the managerial/confidential order was based on an erroneous interpretation of Section 6, Article I, Constitution of the State of Florida; and (2) Whether respondent, in formulating the managerial/confidential order, failed to consider the statutory criteria for "managerial employees" but instead erroneously employed different criteria.
[1] The statute provides in part:

"In the absence of legislative action to the contrary, all rules shall have full force and effect upon their approval by the commission."
Rule 8H-2.10 was not among those rescinded by the Commission upon objection by the Joint Administrative Procedures Committee of the Legislature.
[2] right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged." Art. I, § 6, Fla. Const.
[3] "In the public sector, ... an inappropriate determination [of a bargaining unit] will not necessarily create immediate problems for the public employer, and consequently his self-interest might not dictate an objection to such units if they are requested by the employee organization. But inappropriate unit determinations, while they might not have an immediate adverse impact on the employer, can create havoc within a given governmental unit, ultimately costing the taxpaying public serious losses in funds and services." McGuire, Public Employee Collective Bargaining in Florida  Past, Present and Future, 1 FSU L.Rev. 26, 68 (1973).
[4] Commission Rules require that, before or simultaneously with an organization's submission of a petition for certification, the employer post at "conspicuous locations where employees would be reasonably apprised" copies of the employer's written acknowledgment of an employee representative, including "an adequate description of the unit for which recognition is being granted." Rules 8H-2.03, 2.04, Fla.Adm.Code. If the constituency of the proposed bargaining unit is changed to meet Commission objections, recompliance with these notice requirements would seem necessary.
[5] While § 447.307(4)(a) and (b) discourage fragmentation of an employee force by proliferating bargaining units, the Act plainly recognizes that communities of interest may require more than one bargaining unit for a single employer. Sec. 447.307(4) forbids, except by mutual consent, the marriage in a single unit of professional and nonprofessional employees.