330 So.2d 733 (1976)
CITY OF TITUSVILLE, Petitioner,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION, and the Brevard County Police Benevolent Association, Respondents.
Nos. Z-172 and Z-196.
District Court of Appeal of Florida, First District.
March 26, 1976.
As Corrected on Denial of Rehearing May 14, 1976.
*734 Charles E. Freeman, Tallahassee, and Dwight W. Severs, for petitioner.
Curtis Mack, Jack McLean, Tallahassee, and Joseph Moss, Cocoa, for respondents.
Edward J. Richardson, Saxon & Richardson, Melbourne, for intervenor.
McCORD, Acting Chief Judge.
This is a petition for writ of certiorari to the Florida Public Employees Relations Commission from its Order No. 75C-73-108, entered on July 2, 1975, and is an appeal from the same order. The appropriate method of review is a petition for review under the Florida Administrative Procedure Act, Chapter 120, Florida Statutes. We have consolidated the petition for certiorari and the appeal and will treat them as a petition for review of administrative action.
We will initially outline the events which culminated in the order from which review is taken. The petitioner City of Titusville (hereafter referred to as the City) and respondent Police Benevolent Association (hereafter referred to as PBA) proceeding under §§ 447.201-447.607, Florida Statutes, (Part II) "Public Employees" of Chapter 447 dealing with labor organizations, agreed that a secret ballot election would be held to determine whether PBA would represent a proposed bargaining unit of patrolmen, detectives, and radio dispatchers of the City's police department. The proposed unit did not include sergeants and lieutenants. The election was held and all members of the proposed unit were permitted to vote. The PBA received a majority of the votes cast on April 9, 1975. The City recognized the PBA as the bargaining agent for the unit.
On May 2, 1975, PBA filed its recognition petition with respondent Florida Public Employees Relations Commission (hereafter referred to as PERC). PERC requested job descriptions of all employees included in the proposed unit and also of those excluded from it and they were furnished by the City. Thereafter, the petition was investigated by the staff of PERC and it filed a report recommending that the unit include all sworn officers of the police department of the rank of patrolman and detective which would exclude the radio operators from the unit as proposed.
The Commission then issued a notice on June 12, 1975, that a hearing would be conducted by it on June 27, 1975. Fifteen minutes was allowed for the hearing. The City did not attend the hearing as it was satisfied with the staff report removing the radio operators. The record of the hearing reveals that it was not a hearing in which sworn testimony and evidence was presented but was merely a discussion between the members of PERC, their staff, and the representative of PBA. Toward the end of the "hearing" one of the PERC commissioners moved approval of the certification except for the radio operators. That motion died for lack of a second and another PERC commissioner made a motion that the unit "include all sworn officers of the Titusville Police Department of the rank of patrolmen, detectives, lieutenants, and sergeants." That motion was seconded and unanimously passed by all three commissioners. Thereafter, on July 2, 1975, the Commission's order here under review was entered making no reference to its disapproval of the unit as proposed by PBA and acknowledged by the City but approving the unit to include "all sworn officers of the Titusville Police Department of the rank of patrolmen, *735 detective, lieutenants and sergeants, and excluding the chief of police, commanders, radio operators and all other employees of the City of Titusville." The order issued Certificate No. 88 to the organization and ordered that "the City of Titusville, the employer, and the Brevard County Police Benevolent Association shall bargain collectively in good faith with respect to wages, hours and terms and conditions of employment for the employees in the unit as provided for in F.S. 447, Laws of Florida (1974)."
The City contends that PERC exceeded its legislative authority and acted in contravention of Chapter 447, Florida Statutes, and Commission Rule 8H-2.09 in modifying the agreement between the City and PBA which formed the basis of PBA's petition for certification.
The petition of PBA for certification was filed with PERC under Subsection (1) of Section 447.307, Florida Statutes, which provides as follows:
"(1) Any employee organization which is designated or selected by a majority of public employees in an appropriate unit as their representative for purposes of collective bargaining shall request recognition by the public employer. The public employer shall, if satisfied as to the majority status of the employee organization and the appropriateness of the proposed unit, recognize the employee organization as the collective bargaining representative of employees in the designated unit. Upon recognition by a public employer, the employee organization shall immediately petition the commission for certification. The commission shall review only the appropriateness of the unit proposed by the employee organization. If the unit is appropriate according to the criteria used in this part, the commission shall immediately certify the employee organization as the exclusive representative of all employees in the unit."
In considering the petition under the above statute, the Commission determines whether or not the unit is appropriate "according to the criteria used in this part"  the criteria are set forth in Subsection (4) of Section 447.307 which provides as follows:
"(4) In defining a proposed bargaining unit, the commission shall take into consideration:
(a) The principles of efficient administration of government.
(b) The number of employee organizations with which the employer might have to negotiate.
(c) The compatibility of the unit with the joint responsibilities of the public employer and public employees to represent the public.
(d) The power of the officials of government at the level of the unit to agree, or make effective recommendations to another administrative authority or to a legislative body, with respect to matters of employment upon which the employee desires to negotiate.
(e) The organizational structure of the public employer.
(f) Community of interest among the employees to be included in the unit, considering:
1. The manner in which wages and other terms of employment are determined.
2. The method by which jobs and salary classifications are determined.
3. The interdependence of jobs and interchange of employees.
4. The desires of the employees.
5. The history of employee relations within the organization of the public employer concerning organization and negotiation.
(g) The statutory authority of the public employer to administer a classification and pay plan.

*736 (h) Such other factors and policies as the commission may prescribe by regulations or by its decisions.
However, no unit shall be established or approved for purposes of collective bargaining which includes both professional and nonprofessional employees unless a majority of each group votes for inclusion in such unit."
Subsection (1) of Section 447.307 gives no authority to PERC to do other than to certify the employee organization if it finds such organization appropriate or to deny certification. PERC has no authority under the statute to change the unit and certify it as changed. If it finds the unit not appropriate, it should enter an order denying certification based upon an evidentiary hearing in which all parties are given notice adequate to apprise them of the issues as specifically as they can be stated so that the parties will know the specific objections which they must meet.[1] The order entered thereafter should include findings of fact and conclusions of law separately stated as required by Section 120.59, Florida Statutes (the Administrative Procedure Act). Such an order is subject to review by this court pursuant to § 120.68, Florida Statutes.
PERC contends its action was executive or quasi-executive action rather than quasi-judicial and is not reviewable under Chapter 120. It cites authority which predates the new administrative procedure act (revised Chapter 120) in support of such contention. PERC would be correct under the old administrative procedure act. Section 120.31(1), Florida Statutes 1973, (the old act) provided in pertinent part as follows:
"(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules... ."
Section 120.20, Florida Statutes, 1973 (the old act) states the legislative intent as follows:
"It is the intent of the legislature to establish minimum requirements for the adjudication of any party's legal rights, duties, privileges or immunities by state agencies ..."
Based upon the foregoing quotations from the old administrative procedure act, it was construed to allow review from judicial or quasi-judicial action only. Dickinson v. Judges of the District Court of Appeal, Fla., 282 So.2d 168 (1973); Bay National Bank and Trust Company v. Dickinson, Fla.App. (1st), 229 So.2d 302 (1969). The new act, however, materially changes the old and it is clear from the entire tenor thereof that all agency action is now reviewable by this court. Section 120.20 of the old act was repealed and no counterpart thereof is contained in the new act. Also, § 120.31(1) of the old act was repealed and the only counterpart contained in the new act is § 120.68(1), Florida Statutes 1975, which provides in pertinent part as follows:
"(1) A party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."
We find that the action of PERC is subject to review by this court.
*737 Petitioner, in addition, contends that the chairman of PERC did not have authority to deny its petition for rehearing independently of the other two commissioners who heard and ruled upon the case. We agree.
The hearing afforded to interested parties by PERC and the order entered by PERC thereafter were not in compliance with Chapter 120, Florida Statutes. The order is quashed and the cause is remanded pursuant to subsections (6) and (8) of § 120.68, Florida Statutes.
ENGLAND, ARTHUR J., Justice, and LEE, THOMAS E., Associate Judge, concur.
NOTES
[1] Compare State v. King, Fla., 50 So.2d 175, in which the Supreme Court affirmed a Circuit Court ruling that the Public Service Commission may issue a "for hire" permit without holding a hearing, but may not deny such a permit without hearing.