344 So.2d 319 (1976)
AMALGAMATED TRANSIT UNION, LOCAL 1267, Petitioner,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION et al., Respondents.
No. CC-426.
District Court of Appeal of Florida, First District.
September 15, 1976.
Richard H. Frank of Frank & Meyer, P.A., Tampa, for petitioner.
Curtis L. Mack, Tallahassee, Joseph P. Manners, Miami, Frank E. Hamilton, III, Fort Lauderdale, Allan M. Elster, North Miami Beach, and Joseph A. Caldwell, Miami, for respondents.

ON PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING STAY OF ELECTION
SMITH, Judge.
Amalgamated Transit Union, Local 1267, initiated this proceeding for certiorari review of a Public Employees Relations Commission (PERC) order dismissing Amalgamated's *320 petition for certification as bargaining representative for a limited class of Broward County transit employees[1] pursuant to voluntary recognition accorded Amalgamated by the Board of County Commissioners of Broward County. Upon consideration of Amalgamated's petition, docketed by PERC as 8H-RA-752-0178, and separately docketed petitions by respondents Federation of Public Employees, Inc., International Union of Operating Engineers, Local 675 and Teamsters Local 769, who also sought designation of variously defined bargaining units of Broward's transit employees, PERC dismissed Amalgamated's petition on the ground the proposed bargaining unit was inappropriately narrow, found that the bargaining units proposed by the other unions were similarly inappropriate, and itself defined as an appropriate unit a broader class of blue-collar transit workers. PERC granted Amalgamated and each of the other unions leave to present "interest statements" indicating that its representation was desired by 30 percent of the employees in the proposed unit. Sec. 447.307(2), F.S. 1975. Amalgamated represents to us that respondent Federation has achieved the requisite showing of employee interest and that PERC has ordered an election to determine whether Federation shall become the designated agent for the bargaining unit constituted by PERC.
Amalgamated, conceiving that PERC's dismissal of its petition for certification was final agency action authorizing judicial review under § 120.68(1), F.S. 1975, petitions for review of that order. Amalgamated asserts that PERC, in broadly defining the bargaining unit, misapplied the criteria for bargaining units set forth in § 447.307(4), F.S. 1975, deprived the narrower class of transit employees of their asserted right to representation by Amalgamated, and unconstitutionally vitiated existing contractual obligations by Broward County to Amalgamated.
Amalgamated filed with its petition for review a motion that we stay the imminent election ordered on respondent Federation's petition for certification, docketed by PERC as proceeding 8H-RC-752-0104. In an unpublished order we denied Amalgamated's motion on the authority of City of Panama City v. Florida Pub. Empl. Rel. Comm'n, 333 So.2d 470 (Fla.App. 1st, 1976), but Amalgamated urges by petition for rehearing that we have overlooked substantial differences between the Panama City case and this one.
Our Panama City decision, that a PERC order defining a bargaining unit and calling an election is interlocutory, not final agency action, had direct reference only to the interests of the public employer. We there held that final agency action in such disputes occurs after an election, when PERC certifies the bargaining agent, and that the employer then and only then acquires a right of judicial review. Secs. 447.307, 120.68(1), F.S. 1975. Amalgamated urges that PERC's order in this case, by contrast, finally dismissed Amalgamated's petition for certification and that Amalgamated is not a party to the impending election in the same sense that Broward County, its affected employees and Federation are parties. Amalgamated posits that, not being a party, it will be unable to appeal from a PERC order certifying Federation following a successful election and that any error in PERC's prior dismissal of Amalgamated's petition will be irremediable. Thus, Amalgamated urges we stay the election pending our determination of Amalgamated's petition, on the ground that the election and certification of Federation as exclusive collective bargaining representative of employees in the designated unit will trigger bargaining and a resulting relationship between Broward County, its transit employees and Federation which cannot effectively be undone should we determine that Amalgamated's petition for certification as bargaining *321 representative for some of those employees was improperly dismissed.
While we appreciate the distinction between the circumstances in Panama City and in this case, we conceive that the same result must obtain. The Florida Public Employees Relations Act contemplates that the necessary steps to certification of a bargaining representative, whether by voluntary recognition or by election, shall be accomplished in an orderly and efficient way. Strong policies militate against judicial interruption of the administrative process as it moves toward certification of a bargaining representative for the designated unit. Aside from considerations of administrative and judicial efficiency, we must take care that judicial intervention not become a detrimental factor in the certification process, as by delaying the election until the constituency of the proposed unit or its concept of self-interest has changed. Furthermore, there is ordinarily no need for judicial review of certain determinations preliminary to certification  e.g., the appropriateness of a proposed unit  until the employees themselves have had an opportunity to defeat certification because they oppose the proffered representatives or oppose the proffered unit, or both.
PERC having entertained and passed on the merits of their petitions concerning the organization of the Broward transit workers, we consider that Amalgamated as well as Operating Engineers Local 675 and Teamsters Local 769 remain parties to the proceeding in which an election on Federation's petition has been ordered, regardless that PERC docketed the various petitions separately. When PERC addressed itself to the appropriateness of the units proposed by the several independent petitions, PERC acknowledged the petitioners' credentials and their interest in organizing the Broward transit workers and made it unnecessary for any of the petitioners to formally intervene in other separately docketed proceedings in order to acquire a party's interest in the outcome. The dismissal of Amalgamated's petition for certification by voluntary recognition was therefore an interlocutory step in the proceedings by which Federation still presses for PERC certification.[2] Viewed in that light, any error in PERC's dismissal of Amalgamated's petition for certification may be remedied on Amalgamated's petition for review following certification of Federation, if that occurs. As we stated in Panama City, 333 So.2d at 471, we have authority to stay collective bargaining by Federation following its certification, should PERC at that juncture refuse such relief to Amalgamated or other affected parties. Art. V, § 4(b)(3), Fla. Const.
We consider this disposition of the case entirely consistent with our recent ruling in Laborers Int'l Union, etc. v. Pub. Emp. Rel. Comm'n et al., 336 So.2d 450 (Fla.App. 1st, 1976). There we found "final agency action" in PERC's order rescinding International's intervenor status and ejecting International from continuing proceedings to certify a bargaining representative for a unit of Health and Rehabilitative Services workers. International was so dismissed from the proceedings because of registration irregularities. Sec. 447.305, F.S. 1975. Here, by contrast, Amalgamated's petition for certification by voluntary recognition was dismissed simultaneously with PERC's decision to redefine the unit in related proceedings. The dismissal was a natural and necessary consequence of that decision. City of Titusville v. Florida Pub. *322 Emp. Rel. Comm'n, 330 So.2d 733, 736 (Fla. App. 1st, 1976). But the issue of unit determination was not finally resolved by PERC's action and will not be resolved except by election and certification. Amalgamated was not excluded from the continuing process by PERC's order, but was invited to show interest for its representation among the class of employees which PERC regarded as an appropriate unit. In short, PERC's action was final as to International, but interlocutory as to Amalgamated.
The case would of course be different if, at the time PERC dismissed Amalgamated's petition for certification by voluntary recognition, there were no continuing proceedings looking to the organization of the same or overlapping classes of Broward County transit workers. In that event, PERC's order of dismissal would have been final agency action on the pending matters, hence reviewable as in City of Titusville, supra, and School Board of Marion Co. v. Pub. Emp. Rel. Comm'n, 330 So.2d 770 (Fla. App. 1st, 1976).
The prayer of Amalgamated's petition for reconsideration of our order denying a stay of the election is therefore DENIED. The parties are requested to show cause, within 15 days, why Amalgamated's petition for certiorari review of PERC's order dismissing its petition for certification should not itself be dismissed as premature, in accordance with the views expressed in this opinion.
McCORD, Acting C.J., and MILLS, J., concur.
NOTES
[1] Included in the proposed unit were "all operators, mechanics, utility employees, service employees and cleaners" employed in Broward County's division of mass transit. Excluded were managerial, confidential and professional employees, supervisors, office employees and guards.
[2] Implicit in this is that Amalgamated, Operating Engineers Local 675 and Teamsters Local 769 are entitled to notice and opportunity to be heard in subsequent PERC proceedings upon Federation's petition. Furthermore, as we have previously held in unpublished orders on petitions for review of PERC decisions, all such parties in PERC proceedings are automatically to be named and treated as parties respondent to any petition for review filed in this court. See unpublished order entered in City of Panama City v. Fla. Publ. Empl. Rel. Comm'n, No. BB-186, April 9, 1976: "[T]he request of Northwest Florida Police Benevolent Association, Inc. that it be joined in this review as a respondent is granted, because it actively participated in the administrative proceeding giving rise to this review [and] therefore is a necessary if not an indispensable party to this action." Cf. Rule 3.11a, F.A.R.