350 So.2d 489 (1977)
The UNITED FACULTY OF FLORIDA FEA/UNITED, AFT-AFL-CIO and Florida Public Employees Relations Commission, Appellants,
v.
Robert BRANSON et al., Appellees.
Robert BRANSON et al., Appellants/Petitioners,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION et al., Appellees/Respondents.
Nos. BB-98, BB-295, CC-37 and DD-410.
District Court of Appeal of Florida, First District.
September 20, 1977.
Rehearing Denied October 28, 1977.
*491 Sidney L. Matthew, of Tallahassee, for United Faculty of Florida, FEA/United, AFT-AFL-CIO.
Stephen Marc Slepin, of Slepin Schwartz, Tallahassee, for Branson, et al.
Jack L. McLean & Gene L. Johnson, Tallahassee, for Public Employees Relations Commission.
SMITH, Judge.
These four consolidated cases concern the March 1976 faculty union election in the State University System, as a result of which the Public Employees Relations Commission (PERC) certified the United Faculty of Florida (UFF) as bargaining agent on June 22, 1976.
In Case BB-98, PERC and UFF appeal from a Leon County circuit court judgment granting declaratory and injunctive relief in litigation preceding the election and certification. The circuit court ordered PERC to permit the ten plaintiffs, all professors in the university system, to examine the "dated statements signed by at least 30 percent of the employees in the proposed unit, indicating that such employees desire to be represented for purposes of collective bargaining by the petitioning organization [UFF]." Section 447.307(2), Florida Statutes (1975). The ten professors asserted entitlement to inspect those signature cards as public records examinable under Section 119.07, Florida Statutes (1975). They urged also that PERC's refusal to permit inspection effectively denied plaintiffs "a reasonable opportunity to verify and challenge the signatures" as having been "obtained by collusion, coercion, intimidation, or misrepresentation or [as] otherwise invalid." Section 447.307(2). Over objection by PERC, UFF and intervenor American Association of University Professors, the circuit court found it had jurisdiction under Chapter 119, providing for enforcement of the Public Records Law, and the declaratory judgment provisions of Chapter 86, to which recourse is preserved by the Administrative Procedure Act, Section 120.73, Florida Statutes (Supp. 1976). The circuit court held the signed and dated cards are public documents which may be inspected under Chapter *492 119 and that the ten professors "may verify and challenge" the cards by authority of Section 447.307(2).
In Case BB-295, the ten professors appeal from the circuit court's subsequent order declining to restrain the scheduled election on grounds PERC persisted in denying inspection of the signature cards. The circuit court denied the restraining order on the ground it lost jurisdiction when PERC and UFF appealed to this court in Case BB-98. Fla.App. Rule 5.12(1), provides for supersedeas without bond upon appeal by any public body. Section 119.11 provides there shall be no automatic stay on appeal of orders entered under Chapter 119 and requires that a stay application show a "substantial probability that opening the records for inspection will result in significant damage."
In Case CC-37 the ten professors petition for review of PERC's order issued by Chairman Curtis Mack on April 2, 1976, which certified UFF as bargaining agent following the election on March 2 and 3, 1976. Petitioners attack Chairman Mack's order on the substantive grounds later addressed to the June 22, 1976 order of the full Commission in Case DD-410, and on the additional ground that Chairman Mack was disqualified to be chairman of PERC because he was otherwise employed by the State. Section 447.205(1), Florida Statutes (1975).
In Case DD-410, the ten professors petition for review of the June 22, 1976 PERC order which rejected petitioners' objections to the certification of UFF following the election. Petitioners urge on numerous grounds that PERC's certification of UFF was erroneous and must be set aside.

Cases BB-98 and BB-295
Twice recently we have emphasized limitations on the circuit court's jurisdiction to enjoin or grant declaratory relief concerning agency action for which Chapter 120 provides a remedy. State ex rel. Dep't of Gen. Serv. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977). Yet, as we indicated in Willis, 344 So.2d at 588, the Public Records Act explicitly authorizes injunction suits against administrative agencies notwithstanding the existence of administrative remedies. Section 119.11, Florida Statutes (1975). Recourse to the circuit court was preserved by amendment to Section 120.73 in 1975:
"Nothing in this chapter shall be construed to repeal any provision of the Florida Statutes which grants the right to a proceeding in the circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of chapter 86... ."
The ten professors' claim of entitlement to inspection of the signature cards was based both on the Public Records Act, Chapter 119, and on the Public Employees Relations Act (PERA), Section 447.307. No statute authorized the circuit court to assume jurisdiction of the latter as well as the former claim.
After the circuit court ruled in Case BB-98, the Supreme Court held, in School Board of Marion County v. PERC, 334 So.2d 582, 584-85 n. 10 (Fla. 1976), that the Marion County School Board had not satisfied formal requirements of Section 447.307(2) for inspection of signature cards, and so denied the School Board's request for inspection without prejudice to renewal in proper form. The Court denied the Marion County School Board's claim to free access under Chapter 119, saying "[t]o this extent section 447.307(2) may actually operate as an exemption to section 119.01, as recognized in section 119.07(2)(a)." (emphasis added)[1] While the Court's language was tentative, its denial of relief under Chapter 119 was unequivocal. Thus, signature cards discoverable under PERC restrictions are exempt from the free access provided by the Public Records Law, Chapter 119. See also *493 Bassett v. Braddock, 262 So.2d 425 (Fla. 1972).
In accordance with our view expressed in Willis and Mitchell, we hold that the circuit court's jurisdiction was limited to determining the applicability of Chapter 119 and did not extend to determining, as well, whether the signature cards should have been produced for inspection by the ten professors pursuant to Section 447.307(2). Adequate remedies for administrative determination of that question, and for judicial review, existed under Chapter 120, and no emergent or other unusual circumstances were sufficiently shown to bypass the administrative remedy. Much could doubtless be said for the economy of considering all questions pertinent to the signature cards in a single proceeding, but were we to approve an expansion of the circuit court's jurisdiction to decide pendant questions determinable under available and adequate administrative remedies, we would quickly dissipate the benefits of a uniform Administrative Procedure Act. Because the circuit court erred in finding signature cards are public records and lacked jurisdiction to consider the other question, the judgment in BB-98 must be reversed and the case dismissed. We therefore do not reach the question of whether the circuit court ought to have enjoined the election pending UFF's appeal here.

Case CC-37
We dismiss the ten professors' interlocutory petition for review of Chairman Mack's order of April 2, 1976 overruling petitioners' objections to the election and certifying UFF. PERC's final order having that effect is now before us for review, and no useful purpose would be served by reviewing the chairman's interlocutory action. Panama City v. PERC, 333 So.2d 470 (Fla. 1st DCA 1976); Amalgamated Transit Union v. PERC, 344 So.2d 319 (Fla. 1st DCA 1976).

Case DD-410
The ten professors, complaining of PERC's order overruling their objections of March 11, 1976 to the election held March 2 and 3, 1976, and of PERC's subsequent order certifying UFF as exclusive bargaining agent for the unit, urge error in (1) PERC's refusal to permit the ten to inspect signature cards submitted by UFF as indication of employee interest in collective bargaining representation, Section 447.307(2); (2) PERC's refusal to register their organization, the Committee of Concerned Faculty, as an employee organization under Chapter 447; (3) PERC's overruling of objections by the ten to post-election procedures of PERC and its chairman leading to certification; and (4) PERC's refusal to accord the ten a Section 120.57(1) trial-type proceeding on factual issues raised by petitioners' objections to the election, post-election processes and eventual certification.
Petitioners' demand for inspection of signature cards submitted by UFF pursuant to Section 447.307(2) was untimely. The statutory scheme requires submission of "dated statements signed by at least 30 percent of the employees in the proposed unit," indicating a desire for collective bargaining representation, as a predicate for a PERC hearing and order for an election. Section 447.307(3). Hearings on UFF's petition for certification were held in March through May 1975, pursuant to notice which is not shown here to have been inadequate. Section 447.307(3)(a). Following closure of hearings on May 19, 1975, several months elapsed in settling the identification of bargaining units. A preliminary order for election was entered by PERC February 5, 1976. A further order specifying details of the election was entered February 23, 1976.
The ten petitioners made no request to inspect the signature cards submitted by UFF until January 27, 1976, long after hearings on the adequacy of UFF's preliminary showing were closed in May 1975. Petitioners' initial letter demand was simply that; it made no assertion of petitioners' belief that the cards submitted were invalid on grounds specified in Section 447.307(2):
"Any employee, employers, or employee organization having sufficient reason to believe any of the employee signatures *494 were obtained by collusion, coercion, intimidation, or misrepresentation or are otherwise invalid shall be given a reasonable opportunity to verify and challenge the signatures appearing on the petition."
A formal demand for inspection of cards was made February 12, 1976, after PERC's preliminary order for election, which we may assume satisfied the statutory requirement for demonstration of a "sufficient reason to believe" a number of the signature cards were invalid. School Board of Marion County v. PERC, supra.
PERC did not err by refusing to accede to petitioners' tardy request for access to the signature cards. The time to appropriately challenge UFF's satisfaction of threshold requirements was when notice was given of its petition, or during the hearings ended May 19, 1975. Petitioners have not shown they had no "reasonable opportunity" to verify and challenge the signatures before closure of the hearings on that potential issue.
Petitioners' application of January 21, 1976 for registration of their employee organization, Committee of Concerned Faculty, was denied by PERC's chairman on January 22, 1976 on the ground that the organization, whose purpose was to oppose collective bargaining in the academic community, was "not required to register with the Commission." There was no error in this. Section 447.203(10) broadly defines "employee organization" as including any association or professional society or group "however organized or constituted" which represents or seeks to represent public employees in matters relating to their employment by a public employer. But registration of employee organizations is necessary only for those which desire to request recognition by a public employer or an election for collective bargaining purposes. Section 447.305(1). Other employee organizations, though they have standing to timely request inspection of signature cards submitted under Section 447.307(2) and to complain of unfair labor practices under Section 447.503, have no statutory right of participation in an employee election. PERC may no doubt provide by rule for registration of employee organizations which seek participation in proceedings where their member employees could appear individually, but PERC's refusal to register the Committee of Concerned Faculty in February 1976 was inconsequential and was not error.
The ten professors' objections to election and post-election procedures by PERC and its chairman were properly overruled as having been made by persons without standing. Petitioners as employees of the State University System had and enjoyed the right to campaign and vote against union representation, or against representation by any particular organization, but individual employees who were not previously recognized as formal parties to Section 447.307 proceedings must express all their objections at the ballot box. Neither the employer nor any participating employee organization timely asserted before PERC the objections to election and post-election procedures here urged by petitioners.
Finally, because petitioners' substantial objections to the certification process were submitted either tardily or without standing, PERC did not err in denying petitioners' belated request, in April 1976, for a formal hearing pursuant to Section 120.57.
The circuit court's judgment in No. BB-98 is REVERSED. The appeal in No. BB-295 and the petition for review in No. CC-37 are DISMISSED. The prayer of the petition for review in No. DD-410 is DENIED.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] Section 119.07(2)(a) exempts from inspection "[a]ll public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law... ."