363 So.2d 135 (1978)
CITY OF PANAMA CITY, Florida, Petitioner,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION and Northwest Florida Police Benevolent Association, Inc., Respondents.
No. CC-420.
District Court of Appeal of Florida, First District.
September 7, 1978.
Rehearing Denied October 31, 1978.
*136 John-Edward Alley and Robert A. Hanudel of Alley & Alley, Miami, Rowlett W. Bryant of Sales, Bryant, Daniels & Thompson, Panama City, for petitioner.
Austin F. Reed, Ben R. Patterson, William E. Powers, Jr., Tallahassee, for respondents.
MILLS, Acting Chief Judge.
The City of Panama City (City) petitions for review of an order of the Public Employees Relations Commission (PERC) certifying the Northwest Florida Police Benevolent Association (NFPBA) as the exclusive bargaining representative of a unit consisting of all police patrolmen and sergeants employed by the City.
Although numerous points were raised by the City, we find that none of the alleged errors requires reversal. We do think that some of the points deserve comment.
The City contends that it was improperly denied access to the authorization cards filed in support of the NFPBA's petition for certification. The City's requests to review the cards were made pursuant to Chapter 119, the Public Records Act. However, authorization cards are not subject to the free access provisions of the Public Records Act. United Faculty of Florida FEA/United v. Branson, 350 So.2d 489 (Fla. 1st DCA 1977). Access to authorization cards is limited by Section 447.307(2), and an employer, employee or employee organization is not allowed to inspect the cards unless one of the grounds specified in that subsection is alleged, in good faith, by the employer, employee or employee organization. School Board of Marion County v. PERC, 334 So.2d 582 (Fla. 1976). The denial of the City's requests to inspect the cards was not error.
The City points out that PERC's decision determining the appropriate unit and ordering an election was issued over ninety days after the hearing officer's report was submitted to PERC, and argues that this violated Section 120.59(1), Florida Statutes. Section 120.59(1) states:
"The final order in a proceeding which affects substantial interests ... shall be rendered within ninety days:
(a) After the hearing is concluded, if conducted by the agency,
(b) After a recommended order is submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer... ."
In certification proceedings, final agency action is the certification of the employee organization as the exclusive bargaining representative of the employees in the appropriate unit. Panama City v. Florida PERC, 333 So.2d 470 (Fla. 1st DCA 1976). Thus, under Section 120.59(1), within 90 days after the submission of the hearing officer's report not only would the unit determination have to be made, but the employee organization would have to be certified. Although PERC should make every effort to meet the time limitations imposed by Section 120.59(1), we recognize that as a practical matter, the numerous steps that must be taken between the issuance of the hearing officer's report and the certification of the organization make the time restraints almost impossible to meet.
We agree with the City that PERC violated Section 120.59(1), but we do not find that such violation impaired the fairness of the proceedings or the correctness of PERC's action. Therefore, the violation does not require reversal. G & B of Jacksonville, Inc. v. State of Florida, Dept. of Business Regulation, Division of Beverage, 362 So.2d 951, (Fla. 1st DCA 1978).
The City also urges that PERC erred by failing to determine the status of the employees listed in the City's application for determination of managerial or confidential employees. We again conclude that *137 no reversible error occurred. Firstly, in its order defining the appropriate bargaining unit as consisting of sworn patrolmen and sergeants, PERC, in effect, ruled that patrolmen and sergeants were not managerial employees. Secondly, the employees who were included in the application for confidential/managerial status were not given notice or an opportunity to contest such designation. Thus, it would have been error for PERC to designate any of those employees as managerial/confidential. School Board of Marion County v. PERC, 330 So.2d 770 (Fla. 1st DCA 1976).
Finally, we observe that there is competent substantial evidence in the record to support PERC's determination that a bargaining unit of sworn patrolmen and sergeants is an appropriate bargaining unit. We also observe that the employees in the unit voted unanimously, 47-0, to have NFPBA as their exclusive bargaining representative. Because we find that none of the asserted errors prejudiced the City, affected the fairness of the proceedings, or impaired the correctness of the final agency action, the City's petition for review is denied and PERC's order certifying the NFPBA as the exclusive bargaining representative for the designated unit is AFFIRMED.
SMITH and ERVIN, JJ., concur.