BOOTH, Judge,
concurring in part and dissenting in part:
I dissent from the majority’s affirmance of PERC’s inclusion of fire lieutenants in the bargaining unit with rank and file firefighters. PERC is mandated by § 447.-307(l)(a), F.S., to determine the appropriateness of a bargaining unit where both parties have entered into a consent agreement. However, PERC may not enlarge the agreed upon bargaining unit unilaterally, School Board of Marion County v. PERC, 330 So.2d 770 (Fla. 1st DCA 1976); City of Titusville v. PERC, 330 So.2d 733 (Fla. 1st DCA 1976). Here, the Union and the public employer agreed that fire lieutenants would be excluded from the bargaining unit. PERC unilaterally included that position in the bargaining unit contrary to the agreement between the parties, the opinions of this court, its statutory mandate, and its own decisions in Cape Coral Professional Firefighters, Local # 2424, IAFF, AFL-CIO and City of Cape Coral, 4 FPER ¶ 4198 (1978), and Professional Firefighters of Naples, Local # 214, and City of Naples, 4 FPER ¶ 4021 (1978).
Accordingly, I would REVERSE that portion of PERC’s order which includes the lieutenants in the rank and file bargaining unit.[1]

. Appellant does not seek to set aside the election due to the erroneous inclusion of the four fire lieutenants in the bargaining unit.