HARRIS, Judge.
The City of Orlando appeals an order on a unit clarification petition filed by the Central Florida Police Benevolent Association (PBA). Orlando and the PBA were parties to a collective bargaining agreement covering a unit of approximately thirty-seven airport security and parking personnel. This agreement expired on September 30, 1990. On October 11, 1990, the parties reached an agreement on a new contract which was ratified on October 18, 1990 by PBA members. On October 19, 1990, Orlando received notice that the PBA had filed a unit clarification petition seeking to add ninety-three new employees to the unit, tripling its size.
A representation certification petition is the method by which a unit or union may be certified to represent a previously unrepresented group of employees as prescribed by statute. A unit clarification petition is the method by which the composition of a group presently represented by a unit or union may be changed as prescribed by a rule promulgated by PERC.
A unit clarification petition is appropriate where the unit (or union) has already been certified and there is a relatively minor change, such as the designation of managerial or other employees which should have been included or excluded in or from the unit.
Orlando filed objections to the unit clarification petition, but ratified the agreement on October 29, 1990. The unit clarification petition, unlike the representation certification petition, does not require that the petitioner submit employee authorization cards with the petition. These cards are required for thirty percent of the employees and indicate their desire to be rep *1088 resented by the particular bargaining unit. At the time Orlando filed objections to the petition, it had no knowledge that the PBA had filed employee authorization cards with the petition.[1] In fact, Orlando was not aware of the submission of these cards until it received the order which is now on appeal.
Although PERC found that the PBA’s petition was deficient and denied the request to enlarge the existing collective bargaining unit through that procedure, the order permitted the denied petition to be reconsidered as a representation certification petition. This type of petition is provided for by statute under section 447.307, but contains a contract bar provision:
No petition may be filed seeking an election in any appropriate bargaining unit to determine the exclusive bargaining agent if a representation election has been conducted within the preceding 12-month period. Furthermore, if a valid collective bargaining agreement covering any of the employees in a proposed unit is in effect, a petition for certification may be filed with the commission only during the period extending from 150 days to 90 days immediately preceding expiration of said agreement, or at any time subsequent to its expiration date but prior to the effective date of any new agreement. The effective date of a collective bargaining agreement means the date of ratification by both parties, if the agreement becomes effective immediately or retroactively; or its actual effective date, if the agreement becomes effective after its ratification date. [Emphasis added.]
Section 447.307(3)(d), Fla.Stat. (1989).
Under this section, unless PERC is authorized to convert the timely unit clarification petition (which it denied) into a representation certification petition, the PBA would be time barred by the statute from filing a representation certification petition.
The issue here is whether PERC has the authority to convert the clarification petition into a representation certification petition. As Orlando notes, there are two ways by which new employees may be added to a collective bargaining unit. The unit clarification process, established by PERC under the administrative rule, is available for positions newly created or excluded from the original unit by inadvertence or mistake. The second way is through the statutorily authorized method contained in section 447.307. The latter is a complex procedure during which PERC determines the appropriateness of the unit. If a sufficient showing of employee interest exists, PERC would order an election where the members of the proposed unit vote on whether to be represented by collective bargaining.
Orlando argues that the time limitations of section 447.307(3)(d), provide important safeguards to the stability and predictability of the collective bargaining process. Once parties have a collective bargaining agreement in place, it is argued, they need to be able to depend on that relationship continuing undisrupted during the period of the agreement. Orlando contends that it relied on the stability created by the contract bar provision when it ratified the agreement. It argues PERC has prejudiced its rights and disrupted the certainty normally attendant to the contract ratification process. We agree.
PERC concedes the lack of direct statutory authority to convert the petition, but argues it does not exceed its authority under section 447.207(1) and (6) which, it contends, authorized it to promulgate rule 38D-17.024, and on which it now relies. PERC also argues that prior to promulgating this rule, it exercised such general authority in adjudicating unit clarification cases. It submits Orlando had notice when it received a copy of the unit clarification petition ten days before Orlando ratified the bargaining agreement. However, it does not dispute Orlando’s contention that it had no prior knowledge of the authorization cards.
A statute creating or governing an administrative agency should be fairly inter *1089 preted to carry out the legislative intent. 1 Fla.Jur.2d Administrative Law § 13 at 542-544 (1977). The legislative intent should be sought for and obtained, and the statute should be so construed so as to make the intent effective, and not defeat the objective of the legislature. Id. The statute should be construed so it is reasonable, fair, and harmonious with its manifest purpose; and it should avoid mischievous and absurd consequences. Id. Where powers are implied, they must be reasonably implied from the express terms of the statute. 1 Fla.Jur.2d Administrative Law § 21 at 556 (1977).
In Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976), the court held that Part II of Chapter 447, which establishes guidelines governing collective bargaining by public employees, was intended to provide the exclusive method for resolving labor disputes between public employees and employers. Section 447.307(3)(d) contains specific time periods when the representation certification pétition may be filed and section 447.307(3)(a) sets forth PERC authority upon the filing of such a petition.
Orlando’s contention that its rights have been prejudiced is established by the record. Orlando had no notice that it was dealing with anything other than a unit clarification petition prior to ratifying the labor agreement. Unit clarification petitions are to be filed on PERC Form 20, while representation certification petitions are to be filed on PERC Form 4. Rules 38D-17.024(3); 38D-17.007(2). Additionally, under Rule 38D-17.007(5), PERC is required to provide a Notice to Employees (PERC Form 5) to the employer who is in turn to post it in a conspicuous location for employees. This was not done because at issue was a unit clarification petition. Thus, Orlando ratified a bargaining agreement willing to defend against clarification, then had to confront, after ratification, an entirely different issue because of the ruling made by PERC. Specification of issues is one of the basic elements of fair procedure; proper notice must apprise the party of the issues involved. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) (elementary and fundamental due process requirement is to apprise parties of the action and afford them the opportunity to present their objections; the purpose of notice is to apprise of and permit adequate preparation for an impending hearing).
In summary, the PBA filed a unit clarification petition under a rule promulgated by PERC. Section 447.307(3)(d) provides limited time periods when a representation certification petition may be filed. Approximately six months after the filing of the unit clarification petition, PERC’s order gave PBA the authority to convert the unit clarification petition into a representation certification petition. There is no statutory, case law, or agency rule which would authorize this procedure which was intended to avoid the strict time requirements of section 447.307(3)(d). The representation certification petition was time barred.
REVERSED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents with opinion.

. These cards are not subject to the free access provisions of the public record act. Panama City v. PERC, 363 So.2d 135 (Fla. 1st DCA 1978), cert. denied, 376 So.2d 69 (FIa.1979).