349 So.2d 224 (1977)
CITY OF WINTER PARK, Petitioner,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION and Winter Park Professional Fire Fighters, Local 1598, Respondents.
No. 76-2132.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
*225 Charles R. Fawsett of Johnson, Motsinger, Trismen & Sharp, P.A., Orlando, for petitioner.
R.T. Donelan, Jr., Public Employers Relations Commission, Tallahassee, for respondents.
PER CURIAM.
This is a review of an order of the Public Employees Relations Commission pursuant to a petition for review filed by the City of Winter Park. The petition challenges the correctness of an order allowing the inclusion of captains and lieutenants in a bargaining unit with other fire department employees. The City claims that the captains and lieutenants are "managerial employees"[1] and "confidential employees"[2] and therefore are not entitled to the collective bargaining rights provided in Chapter 447, Florida Statutes (1975).
Section 447.203 provides definitions for "managerial" and "confidential" employees who are to be excluded from collective bargaining. It is obvious by these definitions that a factual determination must be made in each individual case as to whether certain employees fall within these categories or not. Once this determination is made by the Commission our authority is limited to a determination of whether there has been a departure from the essential requirements of law and whether there is competent substantial evidence to support the determination.
The Winter Park fire department consists of a Chief, Deputy Chief, Fire Marshall, three captains, three lieutenants, and 29 other employees. In the previous collective bargaining agreement of the parties the captains and lieutenants were included in the same unit with the other employees. On the question of being included with the other employees this time, the officers voted 4-0 in favor of inclusion. Extensive testimony was taken in the proceedings below as to the duties and responsibilities of the captains and lieutenants.[3] Our examination of that record confirms the existence of competent substantial evidence to support the Commission's conclusion that the officers are not excluded, as managerial or confidential employees, from the bargaining unit. We find no departure from the requirements of law in the Commission's order for a self determination election by the captains and lieutenants.[4]
Accordingly, the petition for review is denied.
ALDERMAN, C.J., and MAGER and ANSTEAD, JJ., concur.
NOTES
[1] § 447.203(4).
[2] § 447.203(5).
[3] There are four volumes of testimony consisting of 932 pages.
[4] § 447.307.