BOOTH, Judge.
This cause is before us on petition for review of final agency action by the Florida Public Employees Relations Commission (PERC) dated October 10, 1977. The question presented is whether that Order correctly interprets Florida Statute § 447.-203(5) as requiring a factual determination as to the “confidential” status, and thereby exclusion from collective bargaining, of the personal secretaries of school principals.
The Palm Beach Association of Educational Secretaries and Office Personnel (Association) [1] applied for certification as the exclusive bargaining agent of certain employees of the Palm Beach County School Board. Thereafter, the Board filed a petition to have certain employees designated “confidential.” On December 15, 1975, PERC certified the Association as the exclusive collective bargaining representative of the School Board for certain designated employees, including secretaries to principals. On September 9, 1976, however, PERC preliminarily determined that secretaries to principals are confidential employees and thus excluded from the bargaining unit. The Association filed for reconsideration of that determination and, on March 15, 1977, PERC entered an order finding that the record contained insufficient facts to support a finding that secretaries to principals are confidential employees under Florida Statute § 447.203(5). The cause was remanded for further hearing on the issue of confidentiality. Hearing was subsequently held, and pursuant to Florida Statute § 447.203(3)(d), evidence was taken *528 on issues presented by the School Board’s petition.
The final order hereunder reviewed holds in pertinent part as follows:
“[C]hapter 447 expressly defines ‘confidential employees.’ The Act’s definition, however, is not as broad as the Public Employer suggests. It requires a nexus between the potentially confidential employee and an individual performing managerial functions as set forth in Section 447.203(4)(a)(l-5, 7). A confidential employee exclusion cannot be justified unless the potentially confidential employee is so closely aligned with a designated managerial employee that the managerial exclusion could be meaningless absent a similar exemption for those who assist in the performance of the confidential managerial functions.
In determining whether an employee is a confidential employee, the Commission will first determine whether the employee aids or assists a managerial employee as defined in Section 447.203(4), Florida Statutes. If so, the Commission will then determine whether the employee aids or assists the managerial employee in the performance of duties as outlined in Section 447.203(4)(a)(1-5,7), Florida Statutes. Finally, it will determine whether the managerial information to which the employee is exposed is confidential rather than accessible to public employees as defined in the Act or to the general public. When the Commission is asked to classify an employee as confidential, the party making the request is asking the Commission to apply a statutory limitation of a constitutional right. The request will not be granted unless the record establishes by clear and convincing evidence that all three criteria are met.”
Following the foregoing statement of a three-pronged test for determination of confidential status, the Commission allowed confidential status as to the secretaries of some principals and disallowed it as to others, the latter being primarily those on whose behalf no testimony was presented.
Florida Statute § 447.203(5), is as follows:
“ ‘Confidential employees’ are persons who act in a confidential capacity to assist or aid managerial employees as defined in subsection (4).”
The plain language of this statute requires confidential status for an employee who (1) assists a managerial employee as defined by § 447.203(4), (a classification for which school principals admittedly qualify), and (2) aids or assists that managerial employee in confidential matters. The statute states no further limitations or criteria to be met. PERC’s effort to further limit the confidential status by imposing as additional requirements the performance of duties outlined in § 447.203(4)(a)(1) thru (7), is improper. The Legislature is competent to impose such additional requirements; PERC is not.
We hold that the personal secretary of a managerial employee such as a school principal is, by definition, “one who aids or assists a managerial employee in confidential matters.” The statute does not require a “nexus” between the confidential matters and the particular managerial duties of the principal listed in § 447.203(4).
The Commission and the Association have sought to create a factual question as to which individual within a particular school’s staff is personal secretary to the principal. We believe that this problem, if it exists at all, is more imagined than real and is of small consequence compared to the factual questions PERC proposes to settle on a large scale basis at taxpayer expense. The findings below, of record here, are that each of the eighty-six school principals has a personal secretary who is recognized as such.[2] If there are exceptions to that gen *529 eral rule and greater certainty is required in designating the position of personal secretary as a result of Florida Statute § 447.-203(5), and this decision, then that designation doubtless will be accomplished. There is • no need for PERC to reconstruct the statutory definition and thereby undertake the case-by-case evaluation of the confidential status of personal secretaries to each and every school principal in the state. The Legislature intended, and no doubt believed, that its enactment of the statute in question eliminated the necessity for factual determinations as to the confidential status of such employees. Nor should there be any question in mind of an individual applying for, or being asked to transfer to, such a position that it has confidential status and is excluded from collective bargaining.
Petitioner points out that the interpretation urged by PERC would require constant re-evaluation as the personnel and duties within a particular school changed. Fortunately, this interpretation is not required by the statute. Our review of the record below shows that the statutory determination of confidentiality accords with the actual facts as to duties performed by the secretaries in question here, as well as with the common experience and understanding of the nature of that employment.
In view of our decision on this point, it is unnecessary to determine the factual questions concerning confidential status of the secretaries to school principals whose particular duties were not in evidence below,[3] or the final point concerning the failure of the Commission to follow certain procedural requirements of Florida Statute Chapter 120.
Accordingly, the Order sought to be reviewed is SET ASIDE and the cause REMANDED with directions for entry of an order consistent herewith.
BOYER, Acting C. J., concurs.
SMITH, J., dissents.

. The Palm Beach Association of Educational Secretaries and Office Personnel filed a brief as amicus curiae in this case.

. Proposed Order of PERC, June 16, 1977: “The record discloses that employees designated as ‘personal secretaries’ to principals who are not on the [collective] bargaining team have numerous duties and responsibilities distinguishing them from other office clericals. In addition to a degree of supervisory authority over other clericals, many personal secretaries have access to materials which are not intended for viewing by other school employees, including the handling and typing of personnel evaluations, letters of reprimand and material *529 relating to grievances. Often times the personal secretary is the only employee with access to personnel files and has been instructed to keep matters revealed in that capacity confidential. Certain personal secretaries have been utilized in the past as a witness during an employee conference. Furthermore, personal secretaries have access to their principals’ response to the Superintendents’ office concerning matters relating to collective bargaining strategy or proposals.”

. Hearing Officer’s Report dated May 17, 1977:
“ . . . As a general rule, principals use one secretary as a personal secretary to handle his correspondence, phone calls, typing and other similar personal secretarial duties . The principal’s personal secretary is usually deemed the head secretary in the office and, in many cases, is separated from the other office secretarial and clerical staff . Generally, the larger the school secretarial staff, the greater the autonomy of the personal secretary. These personal secretaries have access to material which is not for viewing by other school employees, including the handling and typing of personal evaluations . . . disciplinary letters and grievance matters . . . The principal’s secretary also helps compile, type and administer the school’s budget ... In most cases, especially in the larger schools, the personal secretary is the only employee other than the principal with access to employee personnel files, some of which are maintained in locked files, and has been instructed as to their limited access . . . ”