ENGLAND, Chief Justice,
dissenting.
I respectfully dissent from the majority’s determination that we lack jurisdiction under article V, section 3(b)(3) of the Florida Constitution to consider this case on its merits. I could understand if my colleagues chose to exercise their constitutional authority by reaching the merits and affirming the divided opinion below,[1] but I cannot understand why we lack the jurisdiction to consider this case on its merits.
The predicate for our jurisdiction is a “direct conflict with a decision of any district court of appeal . . . ,”[2] A more direct conflict would be hard to imagine.
The majority opinion below states, with reference to the definition of “confidential employees” in section 447.203(5), Florida Statutes (1977):
There is no need for PERC to reconstruct the statutory definition and thereby undertake the case-by-case evaluation of the confidential status of personal secretaries to each and every school principal in the state. The Legislature intended, and no doubt believed, that its enactment of the statute in question eliminated the necessity for factual determinations as to the confidential status of such employees.[3]
Section 447.203(5) also was considered and addressed in City of Winter Park v. Florida Public Employees Relations Commission, 349 So.2d 224 (Fla. 4th DCA 1977), where the court said:
Section 447.203 provides definitions for “managerial” and “confidential” employees who are to be excluded from collective bargaining. It is obvious by these definitions that a factual determination must be made in each individual case as to whether certain employees fall within these categories or not. Once this determination is made by the Commission our *428 authority is limited to a determination of whether there has been a departure from the essential requirements of law and whether there is competent substantial evidence to support the determination.[4]
In light of these conflicting interpretations, it is unclear whether the Public Employees Relations Commission must make individual factual determinations, on a case-by-case basis, in processing petitions which seek to designate certain employees as “confidential” under section 447.203(5). This Court should exercise its conflict jurisdiction to resolve this question.
SUNDBERG and McDONALD, JJ., concur.

.School Bd. of Palm Beach County v. Florida Pub. Employees Relations Comm’n, 374 So.2d 527 (Fla. 1st DCA 1978).

. Art. V, § 3(b)(3), Fla.Const.

. 374 So.2d at 529.

. City of Winter Park v. Florida Pub. Employees Relations Comm'n, 349 So.2d 224, 225 (Fla. 4th DCA 1977).