ROBERT P. SMITH, Jr., Judge.
The School Board of Lee County appeals from PERC’s order on the Board’s petition for managerial/eonfidential designations, and from PERC’s later order, after an election, certifying the successful employee organization. We reverse PERC’s order designating confidential employees to the extent that PERC refused that classification to personal secretaries of school principals. This court determined as a matter of law in School Board of Palm Beach County v. Florida Pub. Employees Relations Comm’n, 374 So.2d 527 (Fla. 1st DCA 1978), cert. den., 380 So.2d 427 (Fla.1980), that the personal secretary of a school principal is, by definition, a confidential employee within the meaning and application of Section 447.203(5), Florida Statutes (1977). We decline to extend that categorical ruling to include all secretaries for other managerial employees .in the school system. As to those, PERC’s responsibility is to make a factual determination of their actual duties, based on substantial competent evidence. See City of Winter Park v. Florida Pub. Employees Relations Comm’n, 349 So.2d 224 (Fla. 4th DCA 1977). PERC’s order in this case, concerning those other secretaries, is without error.
We find no error in PERC’s determination that the following are not managerial employees within the meaning of Section 447.203(4), Florida Statutes (1977): cafeteria managers, drive supervisors, route supervisors, shop foremen, maintenance supervisors, maintenance and operations foreman, director of purchasing, payroll supervisor, print shop supervisor, supervisor of fiscal control, supervisor of school plant planning, and warehouse supervisor.
PERC chose unnecessarily obscure language when describing the bargaining unit as including “[a]ll regular full and part-time blue-collar non-instructional employees, including those occupying CETA *1262 PSE positions . . . The cause will be remanded for clarification of the term “blue-collar.” PERC does not lack power to alter terminology in the unit description agreed to by appellant, the employer, and Local No. 66 of International Brotherhood of Painters and Allied Trades, the original petitioner for certification. Appellee South Florida AFSCME, which as the certification recipient is now the real labor party in interest, did not agree to the proposed unit description. Moreover, PERC lacks power to alter proposed unit determinations only when the employer voluntarily recognizes an employee organization, which did not occur here. School Board of Marion County v. Public Employees Relations Comm’n, 330 So.2d 770 (Fla. 1st DCA 1976).
We find no other significant error. Appellant’s motion for attorney fees is DENIED.
AFFIRMED in part, REVERSED in part.
MILLS, C. J., and SHIVERS, J., concur.