LARRY G. SMITH, Judge.
The College seeks review of an order of PERC finding that its registrar was not a managerial employee within the meaning of Section 447.203(4),[1] Florida Statutes (1979), and that certain of its secretaries were not confidential employees within the meaning of Section 447.203(5),[2] Florida Statutes (1979). The College argues that PERC’s order ignores the record evidence supporting a confidential designation for the secretaries and a managerial designation for the Registrar. We agree and reverse.
In its managerial/confidential petition filed in 1979, the College sought to designate the following secretaries as confidential employees:
Executive Secretary to the President
Secretary III to Dean of Personal Affairs
Secretary IV to Vice President for Academic Affairs/Executive Vice President
Secretary IV to Vice President for Student Affairs
Secretary II to Vice President for Academic Affairs/Executive Vice President
Secretary IV to Comptroller
Secretary III to Provost
Secretary III to Assistant to President
At the same time, the College sought to have the Registrar designated as managerial.
At the hearing on the petition, the College and the Union stipulated that: (1) All eight secretaries have access to confidential memoranda dealing with recommended disciplinary actions which have yet to be approved; (2) all eight secretaries are employed by a manager within the meaning of the Public Employees Relations Act (PERA), are privy to confidential information relating to the managerial functions of that individual, and the memoranda, documents and personal letters that they are privy to are documents not accessible to the public under Florida law; (3) the eight secretaries have access to the materials used in the Monday meetings of the President’s staff at which policy, discipline, and changes in the organizational structure of the college are decided; (4) the Secretary to the comptroller would be privy to the facts and figures used by the management team in the event of collective bargainings; (5) the Secretary to the Dean of Personal Affairs, the Secretaries to the Vice Presidents as well as the Executive Secretary to the President, would be intimately involved in the preparation of contract proposals in the *61 event of collective bargaining and would have access to the memoranda accumulated in support of positions taken by the management bargaining team; and (6) the Executive Secretary to the President, the Secretary to the Dean of Personal Affairs, and the Secretary to the Assistant to the President are privy to confidential documents relating to litigation which the college is involved in under the various federal acts and the legal documents and work product of the law firm representing the college in its labor matters.
With regard to the Registrar, it was stipulated that: (1) He is paid a salary at the dean level and employs directly, or through supervisors working under him, approximately twenty-five people; (2) he has the authority to recommend termination of anyone under his supervision an l his recommendations have always been accepted; (3) he requests merit increases for his subordinates which have been accepted over 95% of the time; and (4) he would be directly involved in any collective bargaining process especially with regard to proposals relating to classroom size or utilization and would be called upon to inform negotiators concerning the impact certain proposals would have on students. No other evidence was introduced with regard to these positions.
The hearing officer recommended that the President, Dean of Personal Affairs, Vice President for Academic Affairs, Executive Vice President, Vice President for Student Affairs, Comptroller, Provost, the Assistant to the President, and the Registrar be designated as managerial. PERC accepted his recommendation except as to the Registrar, and designated each of the positions (excepting the Registrar) as managerial.
With regard to the Executive Secretary to the President, Secretary III to Dean of Personal Affairs, Secretary IV to Vice President for Academic Affairs/Executive Vice President, Secretary IV to Vice President for Student Affairs, Secretary II to Vice President for Academic Affairs/Executive Vice President, the hearing officer recommended that they be designated as confidential employees because they would be required to prepare memoranda concerning contract proposals for the above college employees which he recommended be designated as managerial.
The hearing officer also recommended that the Secretary to the Assistant to the President be designated as confidential since she prepares legal documents and other work products for the College’s labor law firm and is exposed to documents confidential as a matter of law in assisting a managerial employee in performance of one of the managerial criteria set forth in Section 447.203(4), Florida Statutes.
Although the Secretary to the Comptroller would, if collective bargaining ensued, provide the management team with facts and figures in written form to support management’s position during negotiations, the hearing officer found that she did not have access to information which is confidential as a matter of law because this information merely assisted the employer in preparation for collective bargaining negotiations and was not equivalent to access to information regarding the employer’s negotiating position. Collier County Association of Educational Office and Class Aide Personnel and School Board of Collier County; In Re Managerial/Confidential Application of School Board of Collier County, 4 FPER ¶4185 (1978). Though the Secretary to the Comptroller prepared memoranda concerning recommended disciplinary action of other employees, he noted that the School Board had not cited any law exempting this information from the Public Records Act and therefore he felt this did not result in a finding that she aided or assisted a managerial employee in a confidential capacity. Sarasota County Teachers Association v. School Board of Sarasota County, Florida, In Re Managerial/Confidential Petition of the School Board of Sarasota County, Florida, 5 FPER ¶ 10149 (1979). Nevertheless, he recommended that the Secretary be designated as confidential because she was the personal secretary to a managerial employee and consequently a per se confidential employee *62 under this court’s decision in School Board of Palm Beach County v. Florida Public Emp. Relations Commission, 374 So.2d 527 (Fla. 1st DCA 1978), cert. den. 380 So.2d 427 (Fla.1980).
He felt that the Secretary to the Provost should likewise be designated as a confidential employee since she is the personal secretary to a managerial employee. However, he stated that she would not otherwise meet the test established in Palm Beach County for the determination of a confidential employee since she only prepared documents relative to policy formulation and did not aid or assist a managerial employee in confidential matters.
Finally, the hearing officer recommended that the Registrar be designated managerial because he has the authority to hire, discipline, evaluate and effectively terminate his subordinates. He stated that the Registrar’s exercise of these functions on behalf of the College constituted a significant role in personnel administration under Section 447.203(4)(a)4.
PERC’s order rejected the hearing officer’s recommendation to designate the Registrar as managerial and rejected the hearing officer’s recommendation to designate the eight secretaries as confidential. PERC explained the basis of its decision thusly:
The Commission rejects the Hearing Officer’s recommendation to designate as managerial the Registrar because the recommendation is not supported by record evidence. The Hearing Officer’s recommendation was based in part upon his finding that the Registrar has authority to hire his subordinates. The record is devoid of evidence in support of this finding. Furthermore, even if there were record evidence to support all of the findings of fact regarding the Registrar, such findings would fall short of the prerequisites for designation as managerial pursuant to Section 447.203(4)(a)4., Florida Statutes (1979). See Teamsters Local No. 991 v. Leon County Board of County Commissioners, 5 FPER ¶ 10130 (1979); Florida State Lodge, Fraternal Order of Police v. City of Tallahassee, 4 FPER ¶ 4344 (1978).
The Commission further declines to designate the Registrar a confidential employee since the record is devoid of evidence that he meets the criteria set forth in Section 447.203(5), Florida Statutes (1979).
The Commission rejects the recommendation to designate as confidential the following employees:
Executive Secretary to the President
Secretary III to Dean of Personnel Affairs
Secretary IV to Vice President for Academic Affairs/Executive Vice President
Secretary IV to Vice President for Student Affairs
Secretary II to Vice President for Academic Affairs/Executive Vice President
The Hearing Officer based his recommendation regarding the above employees on his finding that those secretaries “would be required to prepare memoranda concerning contract proposals.. .. ” The Commission has held that a confidential designation cannot be based upon prospective duties but “must be based upon current job duties actually required and performed.” In re Managerial/Confidential Petition of the Collier County Board of County Commissioners, PERC Order No. 80E-098 (May 16, 1980). There is no other evidence in the record to support a confidential designation for the above-named secretaries. Accordingly, the Commission declines to designate these secretaries confidential.
The Commission rejects the recommendation to designate as confidential the Secretary IV to Comptroller and the Secretary III to Provost. The recommendation was based solely on their status as personal secretaries to managerial employees. In the absence of any record evidence that they actually perform confidential duties for managerial employees the Commission will not designate them confidential. See In re Managerial/Confidential Petition of the Collier County Board of County Commissioners, supra. *63 The Commission rejects the recommendation to designate as confidential the Secretary III to Assistant to President. The recommendation was based upon her exposure to confidential documents in connection with her assistance and aid to the Petitioner’s private labor attorneys. A confidential designation must be based upon confidential duties performed for a managerial employee. The record does not support such a finding.
We reject PERC’s conclusions with regard to the eight secretaries and Registrar. Without reiterating the evidence previously detailed, we conclude that the undisputed record evidence clearly qualifies the eight secretaries in question as confidential and the Registrar as managerial.[3]
PERC urges that a confidential designation for the first five enumerated secretaries should be rejected because the hearing officer’s recommendation was based on prospective duties in connection with collective bargaining, whereas, a confidential designation must be based upon current job duties actually required and performed. According to PERC’s view, this interpretation is mandated by the language of Section 447.203(5), defining confidential employees, and the language of Section 447.203(4), defining managerial employees. PERC argues that the legislature clearly provided for prospective involvement of a managerial employee by the wording of subsection (a)2 of Section 447.203(4) which reads: “May reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations.” In contrast, PERC points out, the language of Section 447.203(5) that “ ‘Confidential employees’ are persons who act in a confidential capacity to assist or aid managerial employees as defined in subsection (4)” indicates that a confidential designation must be based upon current job duties actually performed. PERC reasons that by including the language “may reasonably be required” in Section 447.203(4)(a)2, and omitting equivalent language from Section 447.203(5), the legislature has evidenced its intent to limit confidential designations to those employees currently performing confidential tasks.
We reject PERC’s analysis of the statutory language, because we can find no basis for the conclusion that the legislature intended that a managerial designation may be based upon prospective duties of an employee, while a confidential designation for his personal secretary must be withheld until the secretary actually commences the handling of confidential matters relating to collective bargaining. Initially we note that the introductory language in both statutes, Section 447.203(4) and (5), is cast in the present tense. Only one of the seven paragraphs of subsection (a) of Section 447.-203(4) is in the future tense. We agree with the college that such language does not evidence intentional and purposeful disparate inclusion or exclusion. To follow PERC’s reasoning produces the illogical and unjustified conclusion that a public employer may introduce evidence that a managerial employee will in the future prepare materials for the conduct of collective bargaining on behalf of the employer but may not show that the managerial employee’s secretary will edit, proofread or type this material. Further, by making the additional requirement that a confidential designation must be based upon current duties involving a single aspect of the managerial employee’s position, PERC has imposed a requirement above and beyond those imposed by the legislature in Section 447.203(5) in contravention of this court’s holding in Palm Beach County, supra.[4]
*64 Next, PERC concluded that the Secretary III to the Assistant to President should not be designated confidential since her confidential duties were not performed for a managerial employee but were performed for the college’s labor law firm. This conclusion ignores the other undisputed record evidence of confidential duties performed by all of the secretaries. Further we agree with the college that the secretary or secretaries who are privy to and help prepare documents relating to litigation that the college is involved in and documents and the work product of the labor law firm representing the college are confidential employees.
Finally, with regard to the Secretary to the Comptroller and the Secretary to the Provost, PERC urges that the hearing officer incorrectly based his recommendation that they be designated confidential solely on their status as personal secretaries to managerial employees. In making this recommendation, the hearing officer relied upon this court’s decision in Palm Beach County, a case which PERC states was overruled by this court’s subsequent decision in School Board of Lee County v. Florida Public Employees Relations Commission, 382 So.2d 1260 (Fla. 1st DCA 1980). However, we agree with the college that even if the hearing officer’s reliance upon Palm Beach County was misplaced, there is ample record evidence supporting a confidential designation for these two secretaries. We find that the hearing officer reached the right conclusion and that PERC was not justified in ignoring his recommendation. Firestone v. Firestone, 263 So.2d 223 (Fla.1972); In Re Estate of Yohn, 238 So.2d 290 (Fla.1970).
In Palm Beach County, this court held that “the personal secretary of a managerial employee such as a school principal is, by definition, ‘one who aids or assists a managerial employee in confidential matters.’ ” In Lee County, this court stated that the Palm Beach County case simply determined as a matter of law that the personal secretary of a school principal is, by definition, a confidential employee. The court declined to extend that categorical ruling to include all secretaries for other managerial employees in the school system. Although PERC had previously interpreted Palm Beach County as finding personal secretaries to managerial employees to be per se confidential employees, PERC now contends that the holding of that case was limited in Lee County, so that it now stands for the proposition that only the personal secretary of a school principal is a per se confidential employee. An alternative reading of this aspect of Lee County suggests that it did not overrule Palm Beach County’s holding that the personal secretary of a managerial employee is per se a confidential employee but simply declined to extend that ruling to other (not personal) secretaries of managerial employees. We think the latter interpretation of Lee County is correct, but in any event, that case would not dictate a contrary result here because the record before us amply supports the determination that these two secretaries acted in a confidential capacity to assist or aid managerial employees. This satisfies the two-pronged Palm Beach County test, which was left undisturbed by the Lee County decision.
In passing, we would like to comment on the hearing officer’s statement that though the Secretary to the Comptroller prepared memoranda concerning recommended disciplinary actions of other employees, this did not result in a confidential designation because no law was cited exempting this information from the Public Records Act. In making this determination, the hearing officer relied on PERC’s decision in Sarasota County Teachers Association v. School Board of Sarasota County, Florida, In Re Managerial/Confidential Petition of the School Board of Sarasota County, Florida, a *65 case which held that an employee was not confidential because the files he had access to were not exempt from public inspection pursuant to the Public Records Act. PERC cited no authority for this proposition in the Sarasota County case, and we find none. We disagree that the confidential designation of a public employee should hinge on whether that employee has access to information exempt from the Public Records Act. We would comment that many confidential matters are not made a matter of public record at all. Further, many communications to which a personal secretary would be privy are not required to be kept as a matter of record. Therefore, this limitation which PERC has added to the definition of a confidential employee ignores the realities of many confidential communications between a managerial employee and one who aids or assists him in his managerial capacity. Nevertheless, as we recognized earlier, the hearing officer reached the right result in determining that this secretary was a confidential employee even though for the wrong reason.
Lastly, the Registrar is the head of a recognized division of the college, in charge of approximately twenty-five employees. He is paid a salary at the dean level; his recommendations concerning termination of employees under his supervision are always accepted; his request for merit wage increases for his subordinates are accepted 95% of the time, and he has the overall responsibility for evaluating his subordinates. Taken as a whole, we agree with the College that the Registrar has a significant role in personnel administration within the College framework. This is not a case in which the employee simply makes effective recommendations for hiring and firing. Further, the Registrar will be intimately involved in collective bargaining relative to classroom size, the utilization of facilities, and the impact upon students of various proposals. We make no ruling that these functions rise to the level necessary to bestow managerial status upon the Registrar under Section 447.203(4)(a)l and 2, but merely state that this evidence when considered in conjunction with the other record evidence clearly warrants a managerial designation for the Registrar.
Accordingly, PERC’s order is reversed and the cause is remanded for entry of an order consistent with the holding herein
THOMPSON, J., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge, concur.

.Section 447.203(4) “Managerial employees” are those employees who:
(a) Perform jobs that are not of a routine, clerical, or ministerial nature and require the exercise of independent judgment in the performance of such jobs and to whom one or more of the following applies:
1. They formulate or assist in formulating policies which are applicable to bargaining unit employees.
2. They may reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations.
3. They have a role in the administration of agreements resulting from collective bargaining negotiations.
4. They have a significant role in personnel administration.
5. They have a significant role in employee relations.
6. They are included in the definition of administrative personnel contained in s. 228.-041(10).
7. They have a significant role in the preparation or administration of budgets for any public agency or institution or subdivision thereof.
******

. Section 447.203(5) “Confidential employees” are persons who act in a confidential capacity to assist or aid managerial employees as defined in subsection (4).

. As to the effect of stipulations generally, see Manatee County v. Florida Public Employees Relations Commission, 387 So.2d 446 (Fla. 1st DCA 1980).

. PERC’s analysis and ruling applies the so-called “labor nexus standard,” which was rejected in Hendricks County Rural Electric Membership Corp. v. NLRB, 627 F.2d 766 (7th Cir. 1980), and in the same court’s earlier decision in the same case, 603 F.2d 25 (7th Cir. 1979). Under that standard, a confidential designation may be applied to a secretary only if she assists and acts in a confidential capacity to persons who formulate, determine and effectuate management policies in the field of labor *64 relations. The court held that all secretaries working in a confidential capacity, “without regard to labor relations,” should be excluded from the Taft-Hartley Act. However, it should be noted that the United States Supreme Court on March 2, 1981 granted review of the ruling, Case No. 80-885, NLRB v. Hendricks County Rural Electric Membership Corp., - U.S. -, 101 S.Ct. 1479, 67 L.Ed.2d 612 (1981).