MILLS, Judge.
Bolden appeals from the denial of her petition for writ of certiorari. She contends the Division of Driver Licenses does not have the authority to suspend driving privileges under Section 322.27, Florida Statutes (1983), for participation in the process of obtaining a driver’s license by fraudulent means, where no license was actually obtained. We affirm.
Bolden, a minor, attempted to have a duplicate license issued in her older sister’s name. To this end, Bolden presented the birth certificate of her sister, Terri Ann Bolden, and signed the original copy of the application form. However, before signing the duplicate copy, Bolden apparently changed her mind and announced that she did not wish to proceed any further with the application process.
Following this, Bolden was escorted to the administrative office where she was asked by the office supervisor if she was in fact Terri Ann Bolden. She admitted that she was not. As a result of her actions, Bolden had her future driving privileges suspended for one year in accordance with Section 322.27(l)(d), Florida Statutes (1983). It is to this suspension that the petition for writ of certiorari was sought below.
The question in this case is whether the word “obtaining,” as used in Section 322.27(l)(d), requires a completed act, or whether that word merely denotes the process of acquisition. The Department’s interpretation is and has been that the word “obtaining” denotes the process and does not require actual acquisition of a driver’s license.
It is well established under Florida case law that unless a department’s longstanding construction of a statute is shown to be “clearly erroneous or unauthorized,” its interpretation should be afforded great weight. Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla.1952). In the present case, Bolden has not met this evidentiary burden. Nor does a reading of Section 322.27 show that the Department’s construction of the word “obtaining” is clearly erroneous, especially in light of the final sentence which reads: “Provided, however, no provision of this section shall be construed to include the provisions of s. 322.32(1).” By expressly excluding the first portion of Section 322.32, it would appear the legislature intended to specifi *193 cally incorporate the remaining sections of the statute.
Accordingly, we find Section 322.27(l)(d) can properly be read to cover not only the actual obtaining of a false license but the fraudulent application for one as well.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.