WENTWORTH, Judge.
The School Board of Polk County appeals a Public Employees Relations Commission (PERC) final order adopting a hearing officer’s recommendations against exclusion of four employees from a bargaining unit. The unit contained 339 clerical employees, 119 of which were excluded by PERC as confidential employees under the statute, infra, using a carefully defined labor nexus test. We affirm.
The Board urges reversal and exclusion of four additional employees, contending that § 447.203(5), Florida Statutes, compels exclusion of the four area superintendents’ personal secretaries in question, even though by stipulation they “are not involved in nor do they have access to confidential documents or information” relating to any “management policies in the field of labor relations, collective bargaining negotiations, [or] employee grievances.” [1] (e.s.) We affirm PERC’s order denying exclusion because the four area superintendents’[2] secretaries will not act in a confidential capacity for the purposes of the controlling statute, which reads:
447.201 Statement of policy. — It is declared that the public policy of the state, and the purpose of this part, is to provide statutory implementation of s. 6, Art. I of the State Constitution [3] with respect to public employees; ... These policies are best effectuated by: ...
(3) Creating a Public Employees Relations Commission to assist in resolving disputes ...
447.203 Definitions. — As used in this part: ...
(3) “Public employee” means any person employed by a public employer except: ... (d) Those persons who are designated by the commission as managerial or confidential employees pursuant to criteria contained herein_
(5) “Confidential employees” are persons who act in a confidential capacity to assist or aid managerial employees as defined in subsection (4). (e.s.)[4]
The emphasized language requires PERC to designate certain confidential employees for exclusion based on the criteria contained “herein,” i.e., within the pertinent provisions of this chapter entitled “Labor Organizations: Public Employees.” PERC’s order performs that delegated function by holding that one criterion for its designation of excluded confidential employees should be a labor nexus, because the reference in this particular chapter to activity “in a confidential capacity to assist *1362 or aid managerial employees” means to assist managerial employees in a confidential capacity as to some aspect of labor organizations or relations. PERC’s order expressly recognizes that many school board employees, including the four secretaries involved here, are properly classified as confidential employees for other purposes.[5] Nothing in the order or in the cited statute impinges on the Board’s right to impose and enforce sanctions against such employees who breach any legitimate restriction in their performance of confidential job duties. PERC further reasons that the exclusion from bargaining units of confidential employees whose functions lack any labor nexus would not serve the declared purpose of § 447.201, Florida Statutes, “to provide statutory implementation of s. 6, Art. I ... with respect to public employees.” Our resolution of the appeal requires that we consider both the state and federal precedent on which the parties rely.
Appellant argues initially that two prior decisions of this court establish a per se exclusion for all personal secretaries to managerial employees. Pensacola Junior College v. PERC, 400 So.2d 59 (Fla. 1st DCA 1981); School Board of Palm Beach County v. PERC, 374 So.2d 527 (Fla. 1st DCA 1978). Palm Beach, however, dealt expressly with “personal secretaries [who] have access to their principals’ response ... concerning matters relating to collective bargaining strategy or proposals.” (e.s.) 374 So.2d 527, note 2. And in Pensacola Junior College the court was primarily concerned, for at least seven of the eight secretaries in question, with restrictions by PERC other than its labor nexus definition of employees who act “in a confidential capacity to assist ... managerial employees.” § 447.203(5), Florida Statutes. In reversing PERC, the Pensacola Junior College opinion cited Hendricks County
Rural Electric Membership Corp. v. NLRB, 627 F.2d 766 (7th Cir.1980), as a decision against use of a labor nexus standard, but expressly cautioned, note 4, page 63: “However, it should be noted that the United States Supreme Court on March 2, 1981 granted review of the ruling.” The Hendricks ruling has now been reversed, NLRB v. Hendricks County Rural Electirc Membership Corp., 454 U.S. 170, 102 S.Ct. 216, 70 L.Ed.2d 323 (1981). We find that the cited decisions of this court do not preclude PERC’s current order because (1) the several other grounds for reversal stated in Pensacola Junior College amply support the ruling of this court against PERC in that case; (2) Pensacola’s sole reference on the labor nexus issue has been overruled; (3) the actual facts before the court in Palm Beach showed a labor nexus for the principals’ personal secretaries in question, noted above, and (4) in neither case was the court required to address the constitutional argument now presented, infra, requiring a compelling state interest for such exclusions.
The Palm Beach court reversed a “three prong” standard by which PERC had effected a status test excluding confidential employees from exclusion unless the managerial employee whom they assisted was one who qualified under items 1-5 or 7 of § 447.203(4)(a), in addition to qualifying as managerial under item (6) which reaches all administrative personnel in § 228.041(10), Florida Statutes. On that “prong” of the test, this court reasoned in substance that the specific legislative provision for seven listed managerial classes precluded PERC’s limitation of those classes to six. The court’s attention was not focused on the propriety of labor nexus per se for the confidential activity exclusion, and the invalidation of that particular third “prong” may not reasonably be construed as invali *1363 dating all other third “prongs.” Such a result would effectively transfer the duty of designating confidential employees from PERC to the employer Board, a result clearly not intended by the statute.
*1362 "... The area superintendents receive ... complaints ... regarding all aspects of the schools’ operation. These complaints often involve serious accusations ... which those involved would consider very confidential. Examples ... include: sexual harassment, discrimination, dishonesty, incompetency, mental illness, sexual impropriety, child abuse, etc. ... Their secretaries ... have knowledge of and access to- such matters. Accordingly, the requirement that the confidentiality of such matters be maintained is a significant and crucial aspect of their job.”
*1363 The conclusion in the Palm Beach opinion was that “the statute ... eliminated the necessity for factual determinations as to the confidential status of such employees.” (e.s.) That reference was, plainly, to the particular employees there in question, as to whom the court found “[o]ur review of the record ... shows that the statutory determination of confidentiality accords •with the actual facts as to duties performed ... as well as with the common experience and understanding of the nature of [confidential] employment.” [6] PERC apparently conceded in an interim order herein that Palm Beach establishes a “notable exception to the labor nexus requirement ... [in] that personal secretaries to school principals are per se confidential employees.” But we find no reasonable basis for appellant’s argument that the opinion precludes the administrative judgment[7] exercised by PERC in its present application of the statute, which is clearly not in terms self executing.
We find, as did PERC in the order on appeal, that the most important consideration in construing the statutory exclusion is one which has only recently been developed in Florida cases and was not argued in the two earlier decisions cited above, i.e., the Florida Constitution’s protection of the right of collective bargaining against statutory impairment “unless ... justified by a compelling state interest.” (e.s.) United Faculty of Florida, Local 184-7 v. Board of Regents, 417 So.2d 1055 (Fla. 1st DCA 1982); City of Tallahassee v. PERC, 393 So.2d 1147, 1150 (Fla. 1st DCA 1981). The Florida Supreme Court, in affirming City of Tallahassee, 410 So.2d 487, 490, expressly concluded that public employees, except for the right to strike, have “the same rights of collective bargaining” as private sector employees.
The order before' us treats exhaustively the Commission’s rationale and precedent for its conclusion, as indicated by the following portions of its order:
[Tjhe parties stipulate that management’s labor relations policies, collective bargaining negotiations and employee grievances are handled through another office, and that the secretaries to the area superintendents are neither involved in these processes nor have access to confidential information related to them. The second stipulation contains an itemization of the job duties deemed to be confidential which are performed by the secretaries ...
In determining whether these duties require us to designate the four secretaries as ‘confidential,’ ... we must balance their constitutional right to collectively bargain with the School Board’s statutory right to utilize some of its employees to assist it in preparing for and engaging in collective bargaining negotiations with the Association. Hotel, Motel, Restaurant Employees and Bartenders’ Union, Local 737 v. Escambia County School Board, 426 So.2d 1017 (Fla. 1st DCA 1983).
... Since 1981, we have applied the ‘labor nexus’ test to narrowly construe the ‘confidential’ exclusion of Section 447.-203(5) ...
In developing a standard to apply, we look first to the Act itself to see precisely what it says concerning the ‘confidential’ exclusion ... Section 447.203(4) defines the criteria for designating ‘managerial’ employees and Section 447.203(5) defines ‘confidential’ employees as follows:
‘Confidential employees’ are persons who act in a confidential capacity to assist or aid managerial employees as defined in subsection (4).
*1364 In this case we have already determined that the four area superintendents for whom these secretaries work are ‘managerial’ within the meaning of Section 447.203(4)_ Thus we need only decide in this case whether the four personal secretaries aid and assist them ‘in a confidential capacity’ in order to determine whether the secretaries are excluded from the coverage of the Act ...
Instructive to the Commission in considering this question is the precedent in the private sector, ... For many years prior to the adoption of the Act, and continuing today, the National Labor Relations Board (NLRB) has consistently applied its ‘labor nexus’ test to determine which private sector employees to designate as ‘confidential.’ This standard was developed by the NLRB in In re Ford Motor Company, 66 NLRB 1317 (1946), and reaffirmed by the United States Supreme Court in NLRB v. Hendricks County Rural Electric Membership Corp., 454 U.S. 170, 102 S.Ct. 216, 70 L.Ed.2d 323 (1981). We must assume that the Legislature was aware at the time it enacted Florida’s Act of the singular definition which the NLRB had developed and applied ... In fact, Florida’s courts have required us to consider federal precedent construing similar portions of the federal and Florida Statutes. Polk County School Board v. PERC, 399 So.2d 520 (Fla. 2d DCA 1981); Anderson v. International Brotherhood of Painters, Local 1010, [International Brotherhood of Painters, Local 1010 v. Anderson ] 401 So.2d 824 (Fla. 5th DCA 1981), cert. denied, 411 So.2d 382 (Fla.1981); Pasco County School Board v. PERC, 353 So.2d 108, 116 (Fla. 1st DCA 1977).... In 1981, the United States Supreme Court in NLRB v. Hendricks County Rural Electric Membership Corp., 454 U.S. 170, 102 S.Ct. 216, 70 L.Ed.2d 323 (1981), conducted a comprehensive analysis of Congressional intent in reviewing the NLRB’s use of the ‘labor nexus' standard. In a landmark case of first impression, the Court determined that the NLRB’s definition of ‘confidential’ employee had a rational basis in law, based on the ‘Board’s understanding of the nature of the collective bargaining process and Congress’ acceptance of ... [the] practice.’ Hendricks, 102 S.Ct. at 228

... The NLRB’s ‘labor nexus’ standard has been applied by various states with public employee collective bargaining statutes containing definitions of ‘confidential’ employee similar to that in our Act.4 ... [4. Of the states having a definition of ‘confidential’ employee comparable to Florida, Maine and New York have adopted the ‘labor nexus’ tests. State of Maine v. Maine State Employees Association, 6 NPER 20-14027 (1983); Board of Educ., Copiaque Public Schools U.F.S.D. No. 5, 5 PERB 4027 (1982).] .
To define the term ‘confidential’ employee as one who gives any secret of confidential aid or assistance to a managerial employee, irrespective of its relationship to labor relations nature or content, ... unnecessarily expands the class of persons subject to the ‘confidential’ exclusion to include persons who have no knowledge of, or participation in, collective bargaining negotiations or contact administration.
The Commission’s interpretation and application of the ‘confidential’ employee exclusion does not leave a public employer without recourse to prevent disclosure of sensitive information which does not concern the employer’s labor relations. As we have stated:
Employers are not by this interpretation left at the mercy of potentially disloyal employees, because designation as confidential is not a prerequisite to assigning an employee to duties which involve access to confidential information or to imposing discipline on an employee who violates any lawful employer policy, rule or regulation which requires that certain information be kept confidential. Nothing in Part II of Chapter 447, Florida Statutes (1979), protects an employee — whether designated confidential or not — from disciplinary action for unauthorized *1365 disclosure of information which has been lawfully classified as confidential by an employer.
In Re Managerial/Confidential Petition of the Collier County Board of County Commissioners, 6 FPER 11128 at 202 (1980).
In reaching our determination that these four secretaries are not ‘confidential,’ we note that they have access to certain information which is of a sensitive nature ... such as promotions, transfers, personnel files, complaints, and disciplinary actions. Their access to such information.... does not provide an employee organization with any advantage at the bargaining table because it does not concern collective bargaining negotiations or application of a collective bargaining agreement. Thus, access to such sensitive information which does not concern labor relations matters is irrelevant to the purpose of the ‘confidential’ exclusion. [T]he secretaries’ knowledge of this information does not create a conflict of loyally relative to collective bargaining matters. Inasmuch as these clerical employees are not privy to information which, if disclosed to the Association, would give it an unfair advantage over the School Board at the bargaining table, they lack the requisite ‘confidential’ status to be excluded from the coverage of the Act. (e.s.)
Affirmed.
ERVIN, J., concurs.
ZEHMER, J., concurs specially with written opinion.

. The stipulation states that "the administrative structure of the school system provides that management policies in the field of labor relations, collective bargaining negotiations and employee grievances are all handled through the county office, so that the secretaries to the area superintendents are not involved in nor do they have access to confidential documents or information relating to these matters." (e.s.)

. The parties agree that the four area superintendents served by the secretaries in question are “managerial employees” because subsection 447.203(4) extends to all employees who “are included in the definition of administrative personnel contained in s. 228.041(10),” regardless of the stipluated fact in this case that none of the four area superintendents is “a managerial employee who formulates, determines and effectuates management policies in the field of labor relations, or who regularly have access to confidential information concerning anticipated changes resulting from collective bargaining negotiations,” because the particular school system administrators have provided that all of those management functions are to be handled through the county, as opposed to area, office.

. At the time the statute was adopted, and for many years prior, a common dictionary definition of "confidential employee ” was “an employee having access in the course of his duties to confidential information on the employer’s labor relations and consequently excludable from union membership.” (e.s.) Webster’s Third New International Dictionary 476 (unabridged ed. 1971).

. The parties’ stipulation in the record here states, in addition to the controlling portion quoted in note 1, supra:

. Cf. the dictionary definition, note 4 supra of "confidential employee.”

. Bolden v. State Department of Highway Safety & Motor Vehicles, 479 So.2d 191 (Fla. 1st DCA November 21, 1985); State Department of Health & Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981).