946 So.2d 1187 (2006)
CITY OF MARATHON, Appellant,
v.
PROFESSIONAL FIREFIGHTERS OF MARATHON, INC., LOCAL 4396, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, Appellee.
No. 3D06-364.
District Court of Appeal of Florida, Third District.
December 27, 2006.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, and Joan M. Canny and John Herin, Miami, for appellant.
Mierzwa & Associates, and Matthew J. Mierzwa, Jr., Lake Worth, for appellee.
Before GERSTEN, RAMIREZ and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The City of Marathon ("City") appeals a final order issued by the State of Florida Public Employees Relations Commission ("Commission") denying the City's post-election petition, verifying the election results, and certifying the Professional Firefighters of Marathon, Inc., Local 4396, International Association of Firefighters *1188 ("Local 4396") as the exclusive collective bargaining representative of a defined bargaining unit. Because we find that the Commission's interpretation of its governing statutes and rules is not clearly erroneous and is supported by competent substantial evidence, we affirm.
On April 1, 2005, Local 4396 filed with the Commission a representation-certification petition ("petition") seeking to represent a defined bargaining unit of employees employed by the City.[1] In support of the petition, and in accordance with section 447.307(2), Florida Statutes (2005), Local 4396 submitted, along with the petition, dated interest statements signed by at least thirty percent of the employees in the proposed unit, reflecting their desire to be represented for purposes of collective bargaining by Local 4396. The City filed a response objecting to the petition and a motion to dismiss, disputing, in pertinent part, (1) the inclusion of certain employee classifications in the defined bargaining unit sought by Local 4396, and (2) the validity of the interest statements submitted by Local 4396 in support of the petition since the interest statements designated the International Association of Firefighters ("IAFF"), not Local 4396, as the petitioning bargaining organization. The hearing officer denied the City's motion to dismiss and subsequently issued his recommended order concluding that the City's full-time employees in the classifications of firefighter/EMT/paramedic and lieutenant were appropriate for inclusion in the defined collective bargaining unit. The hearing officer recommended the exclusion of "captains" due to supervisory conflict of interest and the exclusion of the "on-call" and "part-time" volunteer firefighters due to their lack of community of interest with the full-time employees. The hearing officer further determined that the interest statements submitted by Local 4396 in support of the petition were valid since the IAFF is the parent organization of Local 4396 and since, as a matter of law, interest statements submitted in the name of a parent organization may serve as the showing of interest for a representation petition filed by a subsidiary of that parent organization. The City timely filed exceptions to the hearing officer's recommended order with the Commission.
On September 16, 2005, the Commission issued an order directing a secret ballot election in the defined collective bargaining unit to determine whether the defined bargaining unit employees desired to be represented by Local 4396. In its order, the Commission provided that the collective bargaining unit would include all full-time employees in the classifications of firefighter/EMT/paramedic and lieutenant, and "on-call" volunteer firefighters. The Commission excluded the "part-time" volunteers from the defined bargaining unit concluding that they were not "public employees" within the meaning of section 447.203(3), Florida Statutes, for purposes of collective bargaining. The Commission, in agreeing with the hearing officer's determination of the interest statements' validity, held that the interest statements submitted by Local 4396 designating IAFF as the bargaining agent were valid to show *1189 sufficient interest for Local 4396's petition. Consequently, a mail ballot election was conducted between October 18 and November 9, 2005, wherein Local 4396 prevailed ten to zero.
The City filed a post-election petition with the Commission requesting to set aside the election results of November 9, 2005. Subsequently, the Commission issued a final agency order denying the City's post-election objections, verifying the election results and certifying Local 4396 as the collective bargaining representative of the defined bargaining unit as specified in its September 16, 2005 order.
The City properly filed the instant appeal pursuant to sections 120.68 and 447.504, Florida Statutes, as a Commission order certifying a collective bargaining unit is a final agency action reviewable by the district courts of appeal. See § 447.307(3)(b), Fla. Stat. (2005)("Certification is effective upon the issuance of the final order by the [C]ommission. . . ."); § 447.504(1), Fla. Stat. (2005)("The district courts of appeal are empowered . . . to review final orders of the [C]ommission pursuant to s. 120.68."); § 120.68(1), Fla. Stat. (2005)("A party who is adversely affected by final agency action is entitled to judicial review."); see also Panama City v. Fla. Pub. Employees Relations Comm'n, 363 So.2d 135, 136 (Fla. 1st DCA 1978)(holding that "[i]n certification proceedings, final agency action is the certification of the employee organization as the exclusive bargaining representative of the employees in the appropriate unit"). Consequently, we have jurisdiction.
In this appeal, the City argues that the final order certifying Local 4396 should be set aside since (1) the Commission improperly determined that the interest statements submitted by Local 4396 in support of its petition were valid; (2) the Commission improperly determined that the "part-time" volunteers were not public employees for purposes of collective bargaining representation; and (3) the voters were deprived of a free and fair choice since the notice of election failed to provide adequate information concerning the composition of the defined bargaining unit.
A district court reviewing a final agency action may modify, remand, or set aside agency action if it finds, in pertinent part, that:
(b) The agency's action depends on any finding of fact that is not supported by competent substantial evidence in the record of a hearing . . .; however, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact;
(c) The fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure;
(d) The agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action;. . . .
§ 120.68(7), Fla. Stat. (2005). Thus, where there is competent substantial evidence in the record which supports an agency's determination of fact and the agency's interpretation of the applicable law is not clearly erroneous, the agency's action must be affirmed. § 120.68(8), Fla. Stat. (2005); see City of Winter Park v. Fla. Pub. Employees Relations Comm'n, 349 So.2d 224, 225 (Fla. 4th DCA 1977)(recognizing that in reviewing final agency action, a court of appeal's "authority is limited to a determination of whether there has been a departure from the essential requirements of law and whether there is competent substantial evidence to support the determination").
*1190 The Commission has the authority to certify a petitioning bargaining agent for a proposed bargaining unit as long as the bargaining agent complies with certain statutory requirements. See § 447.307, Fla. Stat. (2005). The Commission must, therefore, determine if the petition meets the statutory requirements prior to issuing its final order of certification. § 447.307(3), Fla. Stat. (2005). A petitioning bargaining agent must submit, with its certification petition, dated statements signed by at least thirty percent of the employees in the proposed unit indicating their desire to be represented by the petitioning bargaining agent for purposes of collective bargaining. § 447.307(2), Fla. Stat. (2005). The Commission found, that as a matter of law, interest statements in the name of the parent organization may serve as the showing of interest for a petition filed by a subsidiary of that parent organization. See Int'l Bhd. of Elec. Workers, Local 2358 v. St. Johns River Power Park, 12 F.P.E.R. 17216 (1986)(holding that authorization cards submitted by Local 2358 designating its parent organization, the International Brotherhood of Electrical Workers, as the bargaining agent validly constituted Local 2358's showing of interest); see also U.S. Gypsum Co., 118 N.L.R.B. 20, 20-21, 1957 WL 13968 (1957)(interpreting an analogous National Labor Relations Act provision and holding that designation of a parent labor organization in the petitioner-affiliate's authorization cards in support of its representation petition is sufficient for a valid showing of interest of the petitioner-affiliate). As we cannot say that the Commission's interpretation of its operable statute is clearly erroneous, we affirm this finding by the Commission.
The City also alleges that the Commission improperly excluded "part-time" volunteers from the defined bargaining unit. We disagree. Determination of whether certain employees are to be included or excluded from a collective bargaining unit pursuant to section 447.203, Florida Statutes, involves a factual determination as to whether certain employees fall within the statutory categories or not. City of Winter Park, 349 So.2d at 225. Once the Commission makes this determination, our review is limited to whether there has been a departure of the law and whether there is competent substantial evidence to support the determination. Id. Our review of the record confirms the existence of competent substantial evidence that "part-time" volunteers were properly excluded from the defined bargaining unit pursuant to the Commission's determination that "part-time" volunteers do not meet the definition of "public employee" under section 447.203(3), Florida Statutes.
Lastly, the City alleges that the Commission's notice of election, by using the terms "on-call" volunteer and "part-time" volunteer, created confusion among eligible voters as to the nature of the defined bargaining unit and thus, deprived the voters of a free and fair choice. The Commission, in its final order, rejected this argument because (1) the City, in contravention of Rule 60CC-2.005(1) of the Florida Administrative Code, failed to submit an affidavit from any of the eligible voters evidencing any confusion as to the defined unit composition; (2) viewed objectively, the eligible voters could not be confused as the notice of election referenced an attachment which included the specific employees eligible to vote; and (3) the record evidence is replete with the use by the parties themselves, including the City, of the terms "on-call" and "part-time" volunteers. We agree. Rule 60CC-2.005(1) of the Florida Administrative Code requires that a post-election petition be accompanied *1191 by "evidence and affidavits in support of the allegations of the petition." The City, however, failed to provide any such evidence supporting its allegation of voter confusion. Furthermore, a review of the record confirms that there is competent substantial evidence supporting the Commission's determination that the notice of election was not defective and did not significantly affect the fairness of the election.
We, therefore, conclude that the Commission's interpretation of the applicable law is not clearly erroneous and that competent substantial evidence in the record supports the Commission's determination that (1) the interest statements submitted by Local 4396 in support of its petition were valid; (2) "part-time" volunteers were properly excluded from the defined bargaining unit; and (3) the notice of election issued by the Commission provided adequate information to the voters regarding the defined bargaining unit and consequently, the voters were not deprived of a free and fair choice in the election. Accordingly, we affirm the Commission's final agency action.
Affirmed.
NOTES
[1] The City is a public employer within the meaning of section 447.203(2), Florida Statutes (2005). Part II of Chapter 447 of the Florida Statutes (sections 447.201-447.609) grants public employees the right of organization and representation; requires the state, local governments, and other political subdivisions to negotiate with collective bargaining agents duly certified to represent public employees; creates the Public Employees Relations Commission; and recognizes the constitutional prohibition against strikes by public employees and provides remedies for violations of such prohibition. See § 447.201, Fla. Stat. (2005).